687 So.2d 117 (1996)
Tiffany ORLANDO
v.
CORPS DE NAPOLEON, K & K Insurance Group, Inc., et al.
No. 96-C-991.
Court of Appeal of Louisiana, Fifth Circuit.
December 20, 1996.
*118 Laurence E. Larmann, James W. Hailey, III, Metairie.
Lawrence J. Centola, New Orleans.
Sean D. Alfortish, New Orleans.
Before GRISBAUM, WICKER and CANNELLA, JJ.
CANNELLA, Judge.
This writ application is from a denial of a motion for summary judgment filed by relators, Corps de Napoleon and K & K Insurance Group, Inc. (K & K) in response to a suit for damages brought by plaintiff, Tiffany Orlando.
During the Mardi Gras season in 1994, on February 13th, plaintiff was a guest of Cox Cable (Cox) of Jefferson Parish in its cordoned-off parade area. Her father and brother worked for Cox at the time. Plaintiff was standing on the ground observing the Corps de Napoleon parade pass by when allegedly a sign, owned by and in the custody of Cox fell, striking her on the head. The sign allegedly fell after one of the ties securing the sign was struck by an unopened bag of Mardi Gras beads thrown to the Cox cameramen standing on a scaffold in front of the sign. It was windy on the night of the parade, the sign had been secured by only two sets of ties at the top and it had been swinging in the wind during the parade.
Plaintiff filed suit on February 13, 1995 against Cox, its insurer, Corps de Napoleon and its insurer, K & K. Defendants, Corps de Napoleon and K & K, filed two motions for summary judgment asserting immunity under La.R.S. 9:2796 and, alternatively, that there are no material issues in dispute as to absence of wanton conduct or gross negligence under R.S. 9:2796. The motion was not ruled on, but the trial judge suggested that defendant obtain certain affidavits. Subsequently, defendant re-urged the Motion for Summary Judgment. Following the hearing on the motion on November 12, 1996, the trial judge denied the motion.
In the writ application, relators argue that the statute provides immunity for Mardi Gras krewes, except for wanton conduct or gross negligence. Relators assert that plaintiff failed to produce any evidence or affidavits which create a material issue of dispute as to the wanton conduct or gross negligence of the defendant carnival krewe.
La.R.S. 9:2796 states:
A. Notwithstanding any other law to the contrary, no person shall have a cause of action against any krewe or organization which presents Mardi Gras parades or other street parades connected with pre-Lenten festivities or the Holiday in Dixie Parade, or against any nonprofit organization chartered under the laws of this state, or any member thereof, which sponsors fairs or festivals that present parades, for any loss or damage caused by any member thereof or related to the parades presented by such krewe or organization, unless said loss or damage was caused by the deliberate and wanton act or gross negligence of the krewe or organization. The provisions of this Section shall not be intended to limit the liability of a compensated employee of such krewe or organization for his individual acts of negligence.
B. Any person who is attending or participating in one of the organized parades of floats or persons listed in Subsection A of this Section, when the parade begins and ends between the hours of 6:00 a.m. and 12:00 midnight of the same day, assumes the risk of being struck by any missile whatsoever which has been traditionally thrown, tossed, or hurled by members of the krewe or organization in such parades held prior to the effective date of this Section. The items shall include but are not limited to beads, cups, coconuts, and doubloons unless said loss or damage was caused by the deliberate and wanton act or gross negligence of said krewe or organization.

[Emphasis Added]
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on *119 file, and affidavits, if any, show there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations of his pleadings and his Response must set forth specific facts showing that there is a genuine issue for trial. La.C.C.P. art. 967; Trondsen v. Irish-Italian Parade Committee, 95-28 (La.App. 5 Cir. 5/10/95); 656 So.2d 694, 695-696. The recent amendment to the article on summary judgments did not change the law, but did change the way the courts view summary judgments. Prior to the 1996 amendment, summary judgments were not favored. La.C.C.P. art. 966 now proclaims that they are favored and the rules should be liberally applied.[1]Oakley v. Thebault, 96-0937 (La.App. 4th Cir. 11/18/96), 684 So.2d 488. 1996 WL 663833 pg. 3-5).
In Ambrose v. New Orleans Police Department Ambulance Service, et al, 93-3099 (La. 7/5/94); 639 So.2d 216, 219-220, Louisiana Supreme Court stated:
Louisiana courts have frequently addressed the concept of gross negligence. Gross negligence has been defined as the "want of even slight care and diligence" and the "want of that diligence which even careless men are accustomed to exercise." State v. Vinzant, 200 La. 301, 7 So.2d 917 (La.1942). Gross negligence has also been termed the "entire absence of care" and the "utter disregard of the dictates of prudence, amounting to complete neglect of the rights of others." Hendry Corp. v. Aircraft Rescue Vessels, 113 F.Supp. 198 (E.D.La.1953) (applying Louisiana law). Additionally, gross negligence has been described as an "extreme departure from ordinary care or the want of even scant care." W. Page Keeton, et. al., Prosser & Keeton on the Law of Torts, Sec. 34, at 211 (5th ed. 1984); 65 C.J.S. Negligence, Sec. 8(4)(a), at 539-40 (1966 & Supp.1993). "There is often no clear distinction between such [willful, wanton, or reckless] conduct and `gross' negligence, and the two have tended to merge and take on the same meaning." Falkowski v. Maurus, 637 So.2d 522 (La.App. 1st Cir.), writ denied, 629 So.2d 1176 (La.1993) (quoting *120 Prosser & Keeton, supra, at 214). Gross negligence, therefore, has a well-defined legal meaning distinctly separate, and different, from ordinary negligence.
In this case, the evidence produced in conjunction with the summary judgment was the deposition of plaintiff, affidavits of the captain of the Corps de Napoleon and its President, Irvy Cosse, Jr., two of three float lieutenants for the float from which the beads allegedly were thrown ("The Orient Express"), Mark Lagarde and Greg Cosse, and a video of the parade. In plaintiff's deposition, she stated that she did not observe the bag of beads being thrown, as she had her head down to avoid a string of cups. The affidavit of Irvy Cosse asserted that the Corps de Napoleon is a Mardi Gras organization presenting a Mardi Gras parade connected with pre-Lenten festivities. He and the other personnel stated that the Corps de Napoleon members diligently tried to find the person responsible for throwing the bag of beads, but were unsuccessful and that no member on the float or the parade was seen disbursing throws deliberately or wantonly or in any way constituting gross negligence.
In response, plaintiff produced affidavits of Jessica Orlando and Eric Orlando, her brother, who was one of the cameramen that saw the beads hit the sign. The affidavits asserted that they witnessed Corps de Napoleon members disbursing throws, "especially `grosses' of beads wrapped in plastic bags, deliberately and in a wanton or grossly negligent manner ..." The affidavits also allege that the witnesses saw one member on the "Orient Express" "deliberately and in a wanton or grossly negligent manner" throw a bag of beads with "great force" at the Cox sign, causing the sign to break from its hinges and fall.
After reviewing the pleadings, depositions and affidavits, we conclude that relators bore their burden of proving immunity under the statute for purposes of the summary judgment. Further, plaintiff failed to create an issue of material fact concerning whether members of the Corps de Napoleon acted in a deliberate wanton or grossly negligent manner in the disbursement of the throws. The undisputed facts are that it was windy, that the sign was banging around from the wind, that a float member threw a bag of beads with force to the cameramen on the scaffold, that the sign broke from its connections and fell on plaintiff. These facts do not meet the test for deliberate and wanton act or gross negligence. Thus, the relator is entitled to summary judgment.
Accordingly, the judgment denying the motion for summary judgment filed by relators, Corps de Napoleon and K & K is hereby reversed and summary judgment is granted. Relators are hereby dismissed with prejudice.
WRIT GRANTED.
NOTES
[1] C.C.P. art. 966 has undergone recent legislative amendment. (1996 La.Sess.Law Serv. 1st Ex. Sess. Act 9 (S.B. 27) (West)). The article now provides:

A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, actions, or defense and on which he will bear the burden of proof at trial.
D. The court shall hear and render judgment on the motion for summary judgment within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial.
E. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
F. A summary judgment may be rendered on the issue of insurance coverage alone although there is a genuine issue as to liability or the amount of damages.
G. Notwithstanding any other provision of this Article to the contrary, the burden of proof shall remain with the mover.
Section 2. This Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided in Article III, Section 18 of the Constitution of Louisiana. If vetoed by the governor and subsequently approved by the legislature, this Act shall become effective on the day following such approval. Approved May 1, 1996.