756 So.2d 546 (2000)
Vincent J. SCHELL, Jr.
v.
K & K INSURANCE GROUP, INC. and Louisiana Irish-Italian Association, Inc.
No. 99-CA-786.
Court of Appeal of Louisiana, Fifth Circuit.
February 16, 2000.
*547 Anthony L. Glorioso, Metairie, Louisiana, Attorney for Appellant.
Jerry W. Sullivan, Metairie, Louisiana, Attorney for Appellee.
Panel composed of Judges CHARLES GRISBAUM, Jr., MARION F. EDWARDS and CLARENCE E. McMANUS (Judge Pro Tempore).
EDWARDS, Judge.
Plaintiff/appellant Vincent J. Schell filed suit against the Louisiana Irish-Italian Association, its insurer K & K Insurance Group, and Jane Doe for damages suffered when he was hit in the face by a "blow-pop" and then a cabbage thrown from a float while watching the Irish-Italian parade. The Irish-Italian Association is a non-profit organization and the sponsor of the parade. The Association and K & K filed a motion for summary judgment, averring that pursuant to La. R.S. 9:2796.1, Schell is not entitled to damages. The trial court considered the record and rendered summary judgment, finding that there was no issue of material fact and that the allegations of the petition were insufficient to permit Schell to recover damages. Because we find the defendants are covered under La. R.S. 9:2796 and 9:2796.1, we affirm.
In the original petition, Schell alleged that he was watching the parade on Veterans Boulevard when "suddenly and without warning" he was struck in the face first by the blow-pop which hit his upper lip and front tooth. While he was tending to his lip, he was struck by a large cabbage which severely cut his lip, and damaged his front teeth. "Jane Doe", the anonymous float rider who threw the offending missiles, was alleged to be negligent for failure to see what she should have seen, failing to act as a reasonable person, and any and all other acts which may be proven at trial. The Association was alleged to have allowed its members to throw objects which it knew or should have known were likely to cause injury, for failing to properly instruct its members in throwing objects, and allowing an inexperienced member to ride on its floats.
After the Association filed for summary judgment, but before the trial on the motion, Schell filed a supplemental and amending petition which averred that the Association was grossly negligent, and further included allegations relative to the *548 failure of the Association to establish, promulgate and enforce rules relative to the consumption of alcoholic beverages during the parade.
Although Schell argues in part that the court made a finding on an exception of no cause of action, the judgment is clearly one granting summary judgment. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law.[1] When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations of his pleadings and his response must set forth specific facts showing that there is a genuine issue for trial.[2]
R.S. 9:2796.1 states:
Notwithstanding any other law to the contrary, no person shall have a cause of action against any organization which presents St. Patrick's Day parades or other street parades connected with any ethnic celebration, or against any nonprofit organization chartered under the laws of this state, or any member thereof, which sponsors fairs or festivals that present parades, for any loss or damage caused by any member thereof or related to the parades presented by such organization, unless said loss or damage was caused by the deliberate and wanton act or gross negligence of the organization. The provisions of this Section shall not be intended to limit the liability of a compensated employee of such organization for his individual acts of negligence.
La. R.S. 9:2796 is a similar statute addressing Mardi Gras parades and throws.
This court addressed the issues present in this appeal in Orlando v. Corps de Napoleon.[3] In that case, we quoted Ambrose v. New Orleans Police Department Ambulance Service, et al,[4] on the question of gross negligence:
Louisiana courts have frequently addressed the concept of gross negligence. Gross negligence has been defined as the "want of even slight care and diligence" and the "want of that diligence which even careless men are accustomed to exercise." State v. Vinzant, 200 La. 301, 7 So.2d 917 (La.1942). Gross negligence has also been termed the "entire absence of care" and the "utter disregard of the dictates of prudence, amounting to complete neglect of the rights of others." Hendry Corp. v. Aircraft Rescue Vessels, 113 F.Supp. 198 (E.D.La.1953) (applying Louisiana law). Additionally, gross negligence has been described as an "extreme departure from ordinary care or the want of even scant care." W. Page Keeton, et. al., Prosser & Keeton on the Law of Torts, Sec. 34, at 211 (5th ed.1984); 65 C.J.S. Negligence, Sec. 8(4)(a), at 539-40 (1966 & Supp.1993). "There is often no clear distinction between such [willful, wanton, or reckless] conduct and `gross' negligence, and the two have tended to merge and take on the same meaning." Falkowski v. Maurus, 637 So.2d 522 (La.App. 1st Cir.), writ denied, 629 So.2d 1176 (La.1993) (quoting Prosser & Keeton, supra, at 214). Gross negligence, therefore, has a well-defined legal meaning distinctly separate, and different, from ordinary negligence.
At the trial on the motion for summary judgment in the present case, the court found in granting the motion that there was no evidence of gross negligence or wanton disregard.
*549 Attached to the motion for summary judgment was, among other things, an affidavit executed by Henry W. Hof, chairman of the Association, which stated that it is common practice to hand out or toss cabbages as a traditional throw and that at no time did the Association deliberately or intentionally hand, throw or toss any throws in such a manner so as to intentionally cause bodily injury or harm to any spectators. Also attached was the deposition of Mr. Schell, who stated that the person who threw the blow-pop was a dark-haired female. The cabbage came from the same float. Also attached was a list titled "ST. PATRICK'S AND IRISH-ITALIAN PARTICIPANTS `DON'TS'". The list included an admonition not to throw cabbages, potatoes, etc., and not to drink alcoholic beverages in the assembly area.
In his opposition, Schell's son, Vincent Schell III, deposed that during the course of the parade, he saw a float rider throw a cabbage from a moving float, which cabbage hit Schell. He further stated that numerous float members consumed alcoholic beverages during the parade. The deposition of Hof was also attached. Hof stated that the krewe members are instructed not to throw cabbages because there were some complaints about this. There was a spotter at the reviewing stand who noted any members who were drunk or disorderly. There was no prohibition against drinking on the float, only in the line-up area. Hof was aware that some members did drink and did throw vegetables.
After reviewing the record in this matter, we conclude that the Association bore its burden of proving immunity under the statute for purposes of summary judgment. Under the statute, a plaintiff must prove gross negligence by the organization. Such negligence by a member does not in itself impose liability upon the organization. An individual member can still be held liable under the statute for individual acts of negligence. The record contains no facts to support an allegation of gross negligence on the part of the Association. Although Schell refers often to the policy of the Association relative to drinking, there are no assertions anywhere in the (designated) record that alcohol was related to the incident in question i.e., that Jane Doe was intoxicated. The allegations referring to the practices of the Association regarding alcoholic beverages are irrelevant or as the trial judge stated orally, a "red herring". The record shows only that Mr. Schell attended an Irish-Italian parade and was struck by a blow-pop and a cabbage thrown or tossed by a rider. No facts in opposition to the motion are alleged to support deliberate and wanton acts or gross negligence committed by the Association.
The trial court properly granted summary judgment in favor of the Association and K & K Insurance Group. The judgment is affirmed, and costs of this appeal are assessed to Mr. Schell.
AFFIRMED.
NOTES
[1] La.C.C.P. art. 966.
[2] La.C.C.P. art. 967; Trondsen v. Irish-Italian Parade Committee, 95-28 (La.App. 5th Cir. 5/10/95); 656 So.2d 694, 695-696.
[3] Orlando v. Corps de Napoleon, 96-991 (La. App. 5th Cir. 12/20/96), 687 So.2d 117.
[4] Ambrose v. New Orleans Police Department Ambulance Service, et al, 93-3099 (La.7/5/94), 639 So.2d 216, 219-220.