|,SUS AN M. CHEHARDY, Judge.
This is an appeal by a rider of a parade float from a summary judgment dismissing most of the defendants in her personal injury suit. We affirm in part, vacate in part, and remand.
Billie Tauzier was a rider on Float Number 14, “It’s About Time,” in the Metairie St. Patrick’s Day Parade on March 14, 1998. Shortly after the parade began, as the line of floats was moving down Severn Avenue toward Metairie Road, a large audio speaker tied atop an outhouse on the float was knocked off by a tree branch overhanging the road. The speaker tumbled onto Tauzier’s head, causing her serious injury.
Tauzier filed suit against Darlene Mims (owner of Float Number 14), the St. Patrick Parade Committee of Jefferson, Inc. (sponsor of the parade), and TIG Insurance Company (their insurer). Plaintiff alleged that Mims and the Parade Committee were negligent because the same incident had occurred on the same float previously, but defendants failed to inspect their float to be sure that it conformed with all rules and regulations for height, unnecessarily endangered petitioner, and failed to warn petitioner of the danger of riding on the float.
[oBy supplemental and amending petition she later added the Parish of Jefferson as a defendant, on the basis that the Parish failed to insure that the tree limbs on the parade route were of a sufficient height to allow safe passage of floats.
The Parade Committee, Mims and TIG filed a motion for summary judgment, asserting they were entitled to the limited immunity from liability provided by La. R.S. 9:2796.1 because the undisputed material facts established they had not committed either deliberate and wanton acts or gross negligence that brought about the accident.
The trial court granted the motion for summary judgment, dismissing the suit as to the Parade Committee, Mims and TIG. Plaintiff appeals.
The case turns on interpretation of La. R.S. 9:2796.1, which states in pertinent part:
Notwithstanding any other law to the contrary, no person shall have a cause of *1108 action against any organization which presents St. Patrick’s Day parades or other street parades connected with any ethnic celebration, or against any nonprofit organization chartered under the laws of this state, or any member thereof, which sponsors fairs or festivals that present parades, for any loss or damage caused by any member thereof or related to the parades presented by such organization, unless said loss or damage was caused by the deliberate and wanton act or gross negligence of the organization. [Emphasis added.]
Plaintiff makes no assertion that the incident was caused by a “deliberate and wanton act.” Rather, the issue on appeal is whether there are any genuine issues of material fact as to whether there was gross negligence.
Gross negligence has a well-defined legal meaning distinctly separate, and different, from ordinary negligence. Ambrose v. New Orleans Police Dep’t Ambulance Serv., 93-3099 (La.7/5/94), 639 So.2d 216, 220. In Ambrose the court cited various definitions of gross negligence by Louisiana courts:
Gross negligence has been defined as the “want of even slight care and diligence” and the “want of that diligence which even careless men are accustomed to exercise.” ... Gross negligence has also been termed the “entire absence of care” and the “utter disregard of the dictates of prudence, amounting to complete neglect of the rights of others.” ... Additionally, gross negligence has been described as an “extreme departure from ordinary care or the want of even scant care.” ... “There is often no clear distinction between such [willful, wanton, or reckless] conduct and ‘gross’ negligence, and the two have tended to merge and take on the same meaning.” [Citations omitted.]
639 So.2d at 219-220.
This Court has reviewed similar cases in the past. In Schell v. K & K Ins. Group, Inc., 99-786 (La.App. 5 Cir. 2/16/00), 756 So.2d 546, during the Irish Italian parade the plaintiff was hit in the face by a cabbage and by a “blow-pop.” We found that the trial court had properly granted summary judgment, because plaintiff established no facts in opposition to the motion to support deliberate and wanton acts or gross negligence committed by the parade association.
In Orlando v. Corps de Napoleon, 96-991 (La.App. 5 Cir, 12/20/96), 687 So.2d 117, we ruled that defendants were entitled to summary judgment. In that case a sign fell on the plaintiffs head after being struck forcibly by bags of parade throws hurled by riders in a Carnival parade. We held the defendants were entitled to summary judgment because the plaintiff failed to create an issue of material fact concerning whether members of the parade krewe acted in a deliberate and wanton or grossly negligent manner in disbursement of the throws:
The undisputed facts are that it was windy, that the sign was banging around from the wind, that a float member | .¡threw a bag of beads with force to the cameramen on the scaffold, that the sign broke from its connections and fell on plaintiff. These facts do not meet the test for deliberate and wanton act or gross negligence.
687 So.2d at 120.
In Trondsen v. Irish-Italian Parade Comm., 95-28 (La.App. 5 Cir. 5/10/95), 656 So.2d 694, writ denied 95-1467 (La.9/22/95), 660 So.2d 476, the plaintiff was struck in the head by a cabbage thrown from one of the parade floats in the 1993 Jefferson Parish Irish Italian parade. *1109 In opposition to the defendants’ motion for summary judgment, the plaintiff relied on her allegations that the cabbage was thrown in a reckless manner in contravention of common sense, that the actions of the persons who threw the cabbage were grossly negligent, and that the Louisiana Irish Italian Association, Inc. was responsible for the actions of those individuals. The plaintiff failed to submit any depositions she had taken and her only countervailing exhibit was her own affidavit, which did not state any facts in support of deliberate and wanton acts or gross negligence committed by the Louisiana Irish-Italian Association, Inc. On plaintiffs appeal of the granting of summary judgment, we found she had failed to meet her burden to show that genuine issues of material fact existed.
In the case now before us, the papers offered in support of the motion for summary judgment established that at the time of the incident involved in this suit, the parish ordinance limited the height of a parade float to no more than sixteen feet from the street level to its highest point. Code of Ordinances, Jefferson Parish, Louisiana, § 6-112(l)(a).[1]
| ^Deposition testimony by defendant Mims’ son-in-law, Johnny Simms, established that he was responsible for strapping down the speakers. They were placed on top of the outhouse with two larger speakers lying horizontally back-to-back, topped by two smaller speakers lying horizontally back-to-back, secured with cargo straps that ran through the handles of the speakers and hooked into hardware attached to the sides of the outhouse. Simms estimated the larger speakers weighed 80 to 90 pounds each and the smaller speakers weighed about 40 pounds each. It was one of the smaller speakers that fell onto the plaintiff. Simms said the strap did not break when the branch struck the speaker; rather, the speaker was “pushed out” from the strap.
Simms also testified that prior to the parade he and his brother-in-law, Gary Russo, measured the overall height of the float. Simms held the beginning of the tape measure at street level and Russo measured up to the top of the speakers over the float’s outhouse. Simms said he did not know what the measurement was, but Russo seemed satisfied and did not mention making any adjustment in the arrangement of the speakers. Simms acknowledged he had heard that a similar accident happened on the float in the preceding year’s parade.
Another witness, Gabriel Mulé, an insurance adjuster who took measurements some eight months after the accident, testified that he measured the truckbed and speakers and that their total height, set up as they had been on the day of the parade, was 15 feet 10 inches. Mulé also measured the height from the 17offending tree branch to the street. He noted that the tree branch had been cut after the 1998 parade, but when he measured it eight months later it had a clearance of 14 feet 5 inches, over 1-1/2 feet less than the mandatory height limitation.
The defendants also presented documents establishing that the Parade Committee is a nonprofit corporation chartered under Louisiana law and that it sponsors *1110 the St. Patrick’s Day parade in Jefferson Parish.
In a motion for summary judgment, once the moving party presents supporting documents sufficient to resolve all material facts essential to the adverse party’s claim, the burden shifts to the party opposing summary judgment to present evidence showing that there are material facts at issue. La.C.C.P. art. 966(C)(2); Riley v. Louisiana I-Gaming, 98-1106 (La.App. 5 Cir. 3/10/99), 732 So.2d 541, 545, writ denied 99-997 (La.5/28/99), 743 So.2d 674. If the opponent fails to do so, there is no genuine issue of material fact and the mover is entitled to summary judgment. Id.
The record on appeal indicates that plaintiff filed a memorandum in opposition to the motion for summary judgment, but she included no affidavit or other documentary evidence. She failed to establish she would be able to prove anything more than that a similar accident (speaker being knocked off outhouse) occurred on the same float in the preceding year.[2]
| ¡¿Plaintiff presented no evidence to contradict Simms’ and Mulé’s deposition testimony. Although the record contains notices for numerous depositions, including depositions of the plaintiff and the individual defendant, Mims, the only depositions in the record on appeal are those attached as exhibits to the motion for summary judgment — the depositions of Simms, Mulé and Mims’ daughter, Michele Russo. Those depositions tend to establish that defendants were aware of the need for care and attempted to ensure the float complied with the height restriction.
On appeal plaintiff argues various facts that are not contained in the appeal record. These apparently are matters discussed in depositions of other witnesses that were not included in the record lodged with the appeal. Hence, we cannot consider certain arguments plaintiff has made — to wit, that the speakers may have been standing vertically rather than horizontally; that the “mathematical probability” is that the float was not in compliance with the height limitation, which plaintiff argues can be derived from the incidence of accidents in proportion to the overall number of floats in the parade; that the accident site was inspected and trees trimmed by the Parish two days before the parade. These matters might have established an issue of material fact, but none are borne out by anything in the record before us.
Considering the definitions of gross negligence set out above — “want of even slight care and diligence,” “want of that diligence that even careless men are accustomed to exercise,” “entire absence of care,” “utter disregard of the dictates of prudence,” “complete neglect of the rights of others,” “extreme departure from ordinary care or the want of even scant care” — it is plain that plaintiff failed to 19present factual support- that she will be able to satisfy her evidentiary burden of proof at trial.
Therefore, the trial court did not err in granting summary judgment.
However, we note a defect in the judgment concerning one of the parties. At argument of the motion for summary judgment on June 26, 2001, counsel for the *1111 movers advised the court that defendant Mims had died. Counsel for plaintiff stated that he had discussed with defense counsel whether he should substitute Mims’ estate in her place as a defendant, but he did not inform the court why he had not effected a substitution of parties.
Upon the death of a litigant, a proper party plaintiff must be substituted to allow the action to continue. La.C.C.P. art. 801; Gibson v. Leson Chevrolet Co., Inc., 94-804 (La.App. 5 Cir. 2/15/95), 652 So.2d 69, 70. A judgment rendered against a deceased party is an absolute nullity. Akyar v. Lee, 99-806 (La.App. 5 Cir. 1/25/00), 751 So.2d 411, 412, unit denied, 00-616 (La.4/20/00), 760 So.2d 348.
Accordingly, the judgment is null insofar as it concerns Darlene Mims.
Finally, plaintiff-appellant states in her appellate brief that the trial court granted summary judgment in favor of all defendants, “even the Parish of Jefferson who had not even joined in the motion.” Although the court’s oral ruling from the bench indicated that summary judgment was granted as to all defendants, that misstatement was corrected by the written and signed judgment, which granted summary judgment only as to the Parade Committee, Mims and TIG. The Parish of Jefferson was not party to the motion for summary judgment and the case still remains in its original posture with respect to the Parish.
|inFor the foregoing reasons, the judgment is affirmed with respect to St. Patrick Parade Committee of Jefferson, Inc. and TIG Insurance Company, but it is vacated with respect to Darlene Mims. The matter is remanded for further proceedings. Costs of this appeal are assessed against the appellant.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

. The Code of Ordinances was amended after the date of the incident here. The float height requirements now are contained in § 6-73(a)(1), which states that a regular krewe float shall be no more than 17 feet, 6 inches in height from the street level; § 6-74(a), which provides that each truck in a truck parade shall be no more than 15 feet 6 inches in height from the street level; and § 6-110(e), which states that no float in the St. Patrick's Parade shall be more than 16 feet in height from the street level. These were added by Ord. No. 21017, § 1, 7-26-00.

. Plaintiff also cites deposition testimony that the year after this accident a speaker again was knocked from its mooring atop the float’s outhouse during the parade, although no one was injured on that occasion. Plaintiff contends this subsequent event also should be considered in determining whether defendants' conduct was grossly negligent. We find no merit to this argument; the law does not require potential tortfeasors to be prescient. We consider only events occurring pri- or to or at the time of the accident made the basis of the suit.