885 So.2d 1261 (2004)
Margaret Ann PIERRE
v.
ZULU SOCIAL AID & PLEASURE CLUB, INC., and K & K Insurance Group, Inc.
No. 2004-CA-0752.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 2004.
*1262 Lee V. Faulkner, Jr., Gretna, LA, for Plaintiff/Appellant, Margaret Ann Pierre.
Jerry W. Sullivan, Leefe, Gibbs, Sullivan, Dupre' & Aldous, Metairie, LA, for Defendants/Appellees, Zulu Social Club, Inc. and Tig Insurance Co.
(Court composed of Judge MICHAEL E. KIRBY, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
This appeal arises from the trial court's granting of a motion for summary judgment in favor of the defendants. For the reasons assigned below, we affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
Margaret Ann Pierre filed suit against Zulu Social Aid and Pleasure Club, Inc. and K & K Insurance Group, Inc. for personal injuries sustained at the Zulu parade on Mardi Gras Day in 2001. The petition was later amended to correctly identify TIG Insurance Company as Zulu's insurer.
Ms. Pierre alleged that she was struck in the head by a coconut thrown from float number 16 by one of the Zulu float riders. The allegations made against the Zulu organization are that Zulu failed to take the necessary precautions to prevent the accident and failed to exercise due care.
A motion for summary judgment was filed on behalf of Zulu and its insurer. Following a hearing on the motion, the trial court granted the motion for summary judgment and dismissed Ms. Pierre's action with prejudice. Ms. Pierre's timely appeal followed.

STANDARD OF REVIEW
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182. See also Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 7 (La.2.29/00), 755 So.2d 226, 231. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. Two Feathers Enterprises v. First National Bank of Commerce, 98-0465, p. 3 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400.
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. At that point, if the party opposing the motion "fails to produce factual support *1263 sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966(C). Summary judgment should then be granted.

DISCUSSION
Zulu's motion for summary judgment was predicated on the statutory immunity granted to Mardi Gras parade organizations pursuant to La. R.S. 9:2796. The statute provides in pertinent part:
A. Notwithstanding any other law to the contrary, no person shall have a cause of action against any krewe or organization,... or any member thereof, which presents Mardi Gras parades,... or against any non-profit organization chartered under the laws of this state, or any member thereof, ... for any loss or damage caused by any member thereof, during or in conjunction with or related to the parades ... presented by such krewe or organization, unless said loss or damage was caused by the deliberate and wanton act or gross negligence of the krewe or organization, or any member thereof as the case may be....The provisions of this Section shall not be intended to limit the liability of a compensated employee of such krewe or organization for his individual acts of negligence.
B. Any person who is attending or participating in one of the organized parades of floats or persons listed in Subsection A of this Section, when the parade begins and ends between the hours of 6:00 a.m. and 12:00 midnight of the same day, assumes the risk of being struck by any missile whatsoever which has been traditionally thrown, tossed, or hurled by members of the krewe or organization in such parades held prior to the effective date of this Section. The items shall include but are not limited to beads, cups, coconuts, and doubloons unless said loss or damage was caused by the deliberate and wanton act or gross negligence of said krewe or organization.

(Emphasis added.)
Zulu argued before the trial court that regardless of the acts of the float rider, Zulu itself committed no acts which reasonable minds could characterize as gross negligence. In support of the motion, Zulu presented the affidavit of Clarence A. Becnel, the float captain of float number 16 to evidence that Zulu undertook all reasonable efforts to provide a reasonably safe parade experience. The affidavit stated that Zulu requires its riders to hand out coconuts and forbids riders from throwing coconuts. Mr. Becnel further stated that he did not observe any participant on float number 16 deliberately throw any coconuts during the course of the parade.
The affidavit of Zulu President Frank Boutte was also submitted in support of the motion for summary judgment. Mr. Boutte stated that Zulu is a non-profit organization, that the parade was conducted pursuant to a permit issued by the City of New Orleans, that Zulu only allows coconuts to be handed out to parade spectators from the first tier of the parade floats, that Zulu members are not paid compensation to participate in the parade, and that "[a]t no time did the Krewe of Zulu deliberately or intentionally hand, throw or toss any coconuts during the course of the 2001 parade in a manner to intentionally cause bodily injury or harm to anyone participating in or viewing said parade."
Ms. Pierre maintains that the trial court erred in granting the motion for summary judgment when material questions of fact still exist. Specifically, Ms. Pierre argues that the question remains whether her injuries were caused by the deliberate and wanton act or gross negligence of the Zulu krewe or organization. In support of her position, Ms. Pierre relies on her deposition *1264 testimony and the deposition of her friend, Vanessa Green, who accompanied her to the Zulu parade. Both Ms. Pierre and Ms. Green stated that Ms. Pierre was not actively seeking beads or other parade throws, that she told the krewe member on float number 16 not to throw the coconut, and that the coconut was thrown anyway in an overhand manner. This is the only evidence that Ms. Pierre has presented in support of her allegations that Zulu, the organization, as opposed to the individual float rider, was negligent.
This Court recognized in Gardner v. Zulu Social Aid and Pleasure Club, 98-1040 (La.App. 4 Cir. 2/10/99), 729 So.2d 675, that it can be assumed that the legislature, in enacting La. R.S. 9:2796, weighed the public utility of Mardi Gras parades against the risks ordinarily associated with such events, such as being struck by throws. This Court held that "[t]he immunity granted by La. R.S. 9:2796 represents a decision by the legislature that the public utility of Mardi Gras parades outweighs the risks normally associated with such events." 98-1040, p. 6-7, 729 So.2d at 679.
In Graves v. Krewe of Gladiators, XXXX-XXXX (La.App. 4 Cir. 6/27/01), 790 So.2d 155, this Court discussed the intent of the legislature in enacting La. R.S. 9:2796. This Court stated that the intent of the legislature was to provide relief from liability for krewes and other organizations that had difficulty obtaining insurance for parade activities. This Court further stated that "[t]he legislature took into account that parade organizations need relief from high insurance rates or from the failure to obtain any insurance based on claims concerning parade festivities that were not caused by the deliberate and wanton act or gross negligence of the krewe/organization." XXXX-XXXX, p. 8; 790 So.2d at 159.
For Zulu to be held liable under La. R.S. 9:2796, Ms. Pierre must allege and prove that "the loss or damage was caused by the deliberate and wanton act or gross negligence of the organization" itself. Gross negligence by a float rider will not necessarily impose liability on Zulu.
Gross negligence has a well-defined legal meaning, which is distinctly different from the definition of ordinary negligence. In Ambrose v. New Orleans Police Department Ambulance Service, 93-3099, 93-3110, and 93-3112 (La.7/5/94), 639 So.2d 216, 219-220, citing State v. Vinzant, 200 La. 301, 7 So.2d 917 (La.1942), the Louisiana Supreme Court stated that "Louisiana courts have frequently addressed the concept of gross negligence" and that "[g]ross negligence has been defined as the `want of even slight care and diligence' and the `want of that diligence which even careless men are accustomed to exercise.'" Considering this definition of gross negligence, we find that Ms. Pierre failed to present factual support that she will be able to satisfy her evidentiary burden of proof at trial. The record does not reveal any facts evidencing gross negligence on the part of Zulu, the organization, as opposed to the individual float rider.
The Fifth Circuit Court of Appeal has considered cases, similar to the instant case, addressing the immunity afforded by La. R.S. 9:2796.1, a statute similar to La. R.S. 9:2796, but which is applicable to street parades connected with ethnic celebrations rather than with Mardi Gras. In Schell v. K & K Insurance Group, Inc., 99-786 (La.App. 5 Cir. 2/16/00), 756 So.2d 546, during an Irish-Italian parade, the plaintiff was hit in the face by a cabbage and by a "blow-pop." The appellate court found that the trial court had properly granted summary judgment, because the plaintiff established no facts in opposition to the motion to support a claim that deliberate and wanton acts or gross negligence were committed by the parade association.
*1265 In Trondsen v. Irish-Italian Parade Committee, 95-28 (La.App. 5 Cir. 5/10/95), 656 So.2d 694, the plaintiff was struck in the head by a cabbage thrown from one of the floats in an Irish-Italian parade. In opposition to the defendants' motion for summary judgment, the plaintiff relied on her allegations that the cabbage was thrown in a reckless manner in contravention of common sense, that the actions of the person who threw the cabbage were grossly negligent, and that the Louisiana Irish-Italian Association, Inc. was responsible for the actions of those individuals. The plaintiff failed to submit to the court any of the depositions that she had taken to support her claims, and her only countervailing exhibit in connection with the defendants' motion for summary judgment was her own affidavit, which did not state any facts to support an allegation of deliberate and wanton acts or gross negligence committed by the Irish-Italian Association. On appeal from the granting of summary judgment, the appellate court found that the plaintiff failed to meet her burden to show that genuine issues of material fact existed.
In Orlando v. Corps de Napoleon, 96-991 (La.App. 5 Cir. 12/20/96), 687 So.2d 117, summary judgment was also granted in favor of the defendant. In that case a sign fell on the plaintiff's head after the sign was broken as a result of being hit by a bag of beads that had been thrown by a rider in a Mardi Gras parade. The court held that under La. R.S. 9:2796 the defendant was entitled to summary judgment, because the plaintiff failed to produce any evidence or affidavits to create an issue of material fact regarding the wanton conduct or gross negligence of the defendant Mardi Gras krewe.
In the present case, Ms. Pierre argues that her case is distinguishable from the cases discussed above, because she was a mere spectator, rather than an active parade participant, and because she told the float rider that she did not want the coconut. We disagree, because under the provisions of La. R.S. 9:2796, the acts of the float rider are not attributable to Zulu unless the float rider's actions were caused by the "deliberate and wanton act or gross negligence of said krewe or organization." There is nothing in the record to indicate that Zulu was in any way grossly negligent or that Zulu acted in a deliberate or wanton manner that resulted in Ms. Pierre's injuries. Therefore, the float rider, not Zulu, may bear the full responsibility for the actions that caused Ms. Pierre's damages, if the rider's negligence is proven.[1]
After reviewing the pleadings, depositions, and affidavits, we conclude that Zulu bore its burden of proving immunity under La. R.S. 9:2796 for purposes ofthe summary judgment. Further, Ms. Pierre failed to create a genuine issue of material fact concerning whether Zulu acted in a deliberate wanton or grossly negligent manner in distributing throws at the parade.

CONCLUSION
We find no error in the trial court's conclusion that Zulu and its insurer were entitled to summary judgment in their favor as a matter of law. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] We do not determine whether or not the float rider was negligent in view of the fact that we are only called upon to decide this case as it relates to the actions of Zulu, the organization, and not the individual float rider.