929 So.2d 775 (2006)
Rosalind BROWN
v.
Freddie LEE, Zulu Social Aid and Pleasure Club, Inc., Clarendon America Insurance Company.
No. 2005-CA-1302.
Court of Appeal of Louisiana, Fourth Circuit.
April 5, 2006.
*776 Pierre F. Gaudin, Elizabeth M. Gaudin, Gaudin & Gaudin, Gretna, Counsel for Plaintiff/Appellant, Rosalind Brown.
Lambert J. Hassinger, Jr., Galloway Johnson Tompkins Burr & Smith, New Orleans, Counsel for Defendants/Appellees, Zulu Social Aid & Pleasure Club, Inc., Mr. Freddie Lee and Clarendon America Insurance Company.
(Court Composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, Sr., Judge LEON A. CANNIZZARO, Jr.)
LEON A. CANNIZZARO, JR., Judge.
Rosalind Brown, the plaintiff, is appealing a trial court decision granting summary judgment in favor of the defendants, Zulu Social Aid and Pleasure Club, Inc., Freddie Lee, a member of the Zulu organization, and Clarendon American Insurance Company, Zulu's insurer. Ms. Brown is appealing only the summary judgment in favor of Mr. Lee.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
Ms. Brown sued the defendants for damages in connection with injuries that she allegedly sustained when she was hit by a coconut while she was watching a parade sponsored by Zulu in New Orleans on Mardi Gras Day. As a float in the Zulu parade was turning a corner, a rider on the float allegedly threw a coconut at her, and she was hit in the face. She was momentarily rendered unconscious, and she was treated at an emergency room shortly after the incident. Subsequently, she sought further treatment when the pain from the injury persisted, and she was diagnosed with an orbital fracture.[1]
Ms. Brown has alleged that Mr. Lee, the rider who threw the coconut to her, was grossly negligent in throwing a coconut in an overhand manner a distance approximately equivalent to one and a half times the length of a large automobile. Therefore, she sought to hold Mr. Lee, as well as Zulu and its insurer, liable for her injuries. All three defendants filed motions for summary judgment, and the motions were granted.
In support of the motion for summary judgment, Mr. Lee submitted an affidavit stating that he was attempting to give Ms. Brown a coconut, because he recognized *777 her as an acquaintance. He further stated in his affidavit that he never intended to harm Ms. Brown. Additionally, an affidavit was executed on behalf of the Zulu organization by its president. In that affidavit, which was also submitted in support of the motion for summary judgment, it was stated that at the time of the alleged incident, Zulu was staging a Mardi Gras parade pursuant to a permit issued by the City of New Orleans. The affidavit executed on Zulu's behalf additionally stated that the Zulu organization only allows coconuts to be handed, not thrown, to spectators at its parades.
The trial court determined that the defendants would not be liable to Ms. Brown even if she were able to prove all of her allegations, because the trial court found that the defendants were exempt from liability under La. R.S. 9:2796. That statute provides that no person shall have a cause of action against any organization or any member of any organization that presents Mardi Gras parades for any damage caused by the organization or a member in connection with a Mardi Gras parade. There is, however, also a provision in the statute that exempts from the immunity afforded by the statute any damage caused by a deliberate and wanton act or the gross negligence of the organization or any of its members. The trial court granted the defendants' motion for summary judgment and dismissed Ms. Brown's lawsuit with prejudice.
Ms. Brown did not appeal the summary judgment granted in favor of Zulu or its insurer. She did, however, appeal the summary judgment in favor of Mr. Lee, because she asserts that her damages are the result of his gross negligence.

DISCUSSION

Standard of Review
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. See also Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230.
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. At that point, if the party opposing the motion "fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966(C)(2). Summary judgment should then be granted.
In Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606, the Louisiana Supreme Court stated that "[a] fact is `material' when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." 98-2821, p. 6, 744 So.2d at 610. The Supreme Court also stated that "[f]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Id.

*778 Applicable Law

Mardi Gras Statute
La. R.S. 9:2796 provides immunity from liability in connection with Mardi Gras and certain other types of parades. That statute reads in relevant part as follows:
A. Notwithstanding any other law to the contrary, no person shall have a cause of action against any krewe or organization . . . or any member thereof, which presents Mardi Gras parades . . . for any loss or damage caused by any member thereof, during or in conjunction with or related to the parades . . . unless said loss or damage was caused by the deliberate and wanton act or gross negligence of the krewe or organization, or any member thereof . . . .
B. Any person who is attending or participating in one of the organized parades of floats . . . assumes the risk of being struck by any missile whatsoever which has been traditionally thrown, tossed, or hurled by members of the krewe or organization in such parades held prior to the effective date of this Section. The items shall include but are not limited to . . . coconuts . . . unless said loss or damage was caused by the deliberate and wanton act or gross negligence of said krewe or organization.

Gross Negligence
In Pierre v. Zulu Social Aid & Pleasure Club, Inc., 04-0752 (La.App. Cir.9/29/04), 885 So.2d 1261, this Court discussed the definition of "gross negligence" as follows:
Gross negligence has a well-defined legal meaning, which is distinctly different from the definition of ordinary negligence. In Ambrose v. New Orleans Police Department Ambulance Service, 93-3099, 93-3110, and 93-3112 (La.7/5/94), 639 So.2d 216, 219-220, citing State v. Vinzant, 200 La. 301, 7 So.2d 917 (La. 1942), the Louisiana Supreme Court stated that "Louisiana courts have frequently addressed the concept of gross negligence" and that "[g]ross negligence has been defined as the `want of even slight care and diligence' and the `want of that diligence which even careless men are accustomed to exercise.'"
04-0752, pp. 5-6, 885 So.2d at 1264.

Analysis
In the instant case, Ms. Brown was injured by a coconut that was allegedly thrown a considerable distance in an overhand fashion from a Mardi Gras float as it turned a corner. Under La. R.S. 9:2796(A)[2], Mr. Lee, a member of the Zulu organization who allegedly threw the coconut, is liable for any damages caused by his throwing the coconut if he was grossly negligent in throwing the coconut. Therefore, the issue in this case is whether or not Mr. Lee was grossly negligent in the way he handled the coconut that injured Ms. Brown. Ms. Brown contends that Mr. Lee threw the coconut in a grossly negligent manner, and Mr. Lee contends that he simply handed the coconut to *779 Ms. Brown. These contentions present a material issue of fact.
Unlike the trial court, we believe that throwing a coconut in the manner Ms. Brown contends it was thrown constitutes gross negligence. We believe that throwing a hard, heavy object such as a coconut at someone in a crowd of people a distance equal to the length of one and a half cars in an overhand manner demonstrates the "want of even slight care and diligence" that is the very definition of "gross negligence." The Zulu organization prohibits its members from throwing coconuts into a crowd and only permits its members to disseminate coconuts to parade spectators by handing them to the intended recipient. If Mr. Lee did not follow the rules of the Zulu organization with respect to distributing coconuts along the Zulu parade route, and instead threw a coconut in Ms. Brown's direction in the manner alleged by her, he was grossly negligent. If, on the other hand, Mr. Lee handled the coconut that hit Ms. Brown in a manner that was not grossly negligent, then he is shielded from liability by the provisions of La. R.S. 9:2796.
Because we find that a genuine issue of material fact exists as to how Mr. Lee handled the coconut that injured Ms. Brown, we find that the trial court erred in granting summary judgment in favor of Mr. Lee. A trier of fact must resolve the genuine issue of material fact that exists in this case.

CONCLUSION
The judgment of the trial court granting summary judgment in favor of Mr. Lee is reversed. This matter is remanded for a trial.
REVERSED AND REMANDED.
NOTES
[1] An orbital fracture is a break in one of the bones of the eye socket.
[2] We note that La. R.S. 9:2796(A) provides immunity from lawsuits for krewes, organizations, and members of organizations absent deliberate or wanton or grossly negligent acts of those parties. La. R.S. 9:2796(B) provides that spectators at parades assume the risk of being struck by objects traditionally thrown or tossed from floats absent deliberate or wanton or grossly negligent acts of krewes and organizations. Members of the krewes and organizations covered by La. R.S. 9:2796(B) are not mentioned in La. R.S. 9:2796(B). We assume that this omission was a legislative oversight. In the instant case, the language "[n]otwithstanding any other law to the contrary" included in La. R.S. 9:2796(A) makes it clear, however, that deliberate, wanton, and grossly negligent acts of members of parading organizations are not included within the grant of immunity provided by La. R.S. 9:2796.