| LIRETTE NEVILLE, INDIVIDUALLY AND ON BEHALF OF HER LATE SON, TRISTEN EDGERSON (D) | * * * * | NO. 2024-CA-0305 COURT OF APPEAL |
|---|---|---|
| VERSUS | * * | FOURTH CIRCUIT |
| LCMC HEALTH HOLDINGS, INC. D/B/A EAST JEFFERSON GENERAL HOSPITAL AND MICHAEL C. GREIB, M.D. | * * * * * * * * | STATE OF LOUISIANA |

CONSOLIDATED WITH:

LIRETTE NEVILLE, INDIVIDUALLY AND
ON BEHALF OF HER LATE SON,
TRISTEN EDGERSON (D)

VERSUS

LCMC HEALTH HOLDINGS, INC. D/B/A
EAST JEFFERSON GENERAL HOSPITAL
AND MICHAEL C. GREIB, M.D.

CONSOLIDATED WITH:

NO. 2024-CA-0611

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-10574, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Nakisha Ervin-Knott, Judge
Monique G. Morial)

**ON REMAND FROM THE SUPREME COURT**


Nelson W. Wagar, III
Sarah Wagar Hickman
WAGAR HICKMAN, LLC
1401 West Causeway Approach
Mandeville, LA 70471


COUNSEL FOR PLAINTIFF/APPELLANT

C. William Bradley, Jr.
Richard S. Crisler
L. David Adams
BRADLEY MURCHISON KELLY & SHEA, LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163

COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**

**AUGUST 5, 2025**

*DLD*
*NEK*
*MGM*

On March 12, 2025, this Court affirmed the trial court's dismissal with prejudice of a medical malpractice claim brought by the plaintiff, Lirette Neville, individually and on behalf of her late son, Tristen Edgerson, against the defendants, University Healthcare System, L.C. f/k/a LCMC Health Holdings, Inc. d/b/a East Jefferson General Hospital, and Michael Greib, M.D. *Neville v. LCMC Health Holdings, Inc.*, 24-0305 (La. App. 4 Cir. 3/12/25), ___ So.3d ___ , 2025 WL 782688. Thereafter, the plaintiff filed an application for a writ of certiorari with the Louisiana Supreme Court seeking review of this Court's March 12, 2025 decision. On June 17, 2025, the Supreme Court, in a *per curiam* opinion, granted the plaintiff's writ application, vacated this Court's judgment, and remanded the matter back to this Court to consider the merits of the errors assigned by the plaintiff on appeal. *Neville v. HCMC Health Holdings, Inc.*, 25-00417 (La. 6/17/25), ___ So.3d ___ , 2025 WL 1692490.

On appeal, Ms. Neville raises the following two assignments of error: (1) "The district court erred in sustaining Appellees' Peremptory Exception of

Immunity and/or No Cause of Action on February 2, 2024 because the Plaintiff's Petition adequately pled facts which plausibly stated a cause of action for gross negligence on the part of Appellees[;]" and (2) "The district court erred in denying the Motion for New Trial on Exception of No Cause of Action Pursuant to La. C.C.P. art. 1973 for the same reasons as asserted on February 2, 2024, and because of the Louisiana Supreme Court's subsequent ruling in *Terry v. Notre Dame Health System*, No. 23-CA-68 (La. App. 5 Cir. 10/31/2023), 374 So.3d 221."

"The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy based upon the facts alleged in the petition." *Veroline v. Priority One EMS*, 09-1040, p. 4 (La. 10/09/09), 18 So.3d 1273, 1275 (citations omitted). Although the well-pleaded factual allegations in the petition must be accepted as true for purposes of the exception, "conclusions of law or fact, and evidentiary facts will not be considered." *McKamey v. New Orleans Public Facility Management, Inc.*, 12-0716, p. 8 (La. App. 4 Cir. 9/19/12), 102 So.3d 222, 227 (citing *Sparks v. Donovan*, 04-0388, p. 4 (La. App. 4 Cir. 10/13/04), 884 So.2d 1276, 1279). Louisiana has adopted a system of fact pleading pursuant to which the mere conclusion of the pleader unsupported by facts does not set forth a cause of action. *See Montalvo v. Sondes*, 93-2813 (La. 5/23/94), 637 So.2d 127, 131 (citations omitted). "[I]t is insufficient to state a cause of action where the petition simply states legal or factual conclusions without setting forth facts that support the conclusions." *Bibbins v. City of New Orleans*, 02-1510, p. 5 (La. App. 4 Cir.

2

5/21/03), 848 So.2d 686, 691 (citations omitted). "[A]llegations purporting to be factual but which are merely self-serving conclusions must be disregarded." *Sutton v. Adams*, 18-0196, p. 5 (La. App. 4 Cir. 12/19/18), 318 So.3d 776, 781 (citations omitted). The peremptory exception of no cause of action is properly sustained "when, conceding the correctness of the well-pleaded facts, the plaintiff has not stated a claim for which she can receive legal remedy under the applicable substantive law." *City of New Orleans v. Board of Directors of the Louisiana State Museum*, 98-1170, p. 10 (La. 3/2/99), 739 So.2d 748, 756.

On March 11, 2020, Governor Jon Bel Edwards declared a statewide public health emergency due to the effects of the COVID 19 pandemic, triggering the application of the Louisiana Health Emergency Powers Act ("LHEPA"), La. R.S. 29:760, *et seq*. This declaration of a statewide public health emergency remained in effect through March 16, 2022. Mr. Edgerson's treatment at East Jefferson Hospital in March of 2021 occurred while this declaration of emergency was in effect. La. R.S. 29:771(B)(2)(c)(i) provides: "During a state of public health emergency, no healthcare provider shall be civilly liable for causing the death of, or injury to, any person or damage to any property except in the event of gross negligence or willful misconduct." Accordingly, the defendants are statutorily immune from all liability except where they have committed gross negligence or willful misconduct.

"The obvious purpose of the heightened burden of proof in Title 29 is to allow health care providers to provide medical care and treatment during a time of

public health crisis without concerns of liability for a patient's poor outcome, unless the treatment decisions were grossly negligent, or the provider's misconduct was willful." *Whitehead v. Christus Health Central La.*, 21-764, p. 5 (La. App. 3 Cir. 6/8/22), 344 So.3d 91, 95. The immunity is intended "to alleviate the liability burden on healthcare providers during public health emergencies, such as the COVID 19 pandemic, which dangerously overburdened the healthcare system." *Lathon v. Leslie Lakes Retirement Center*, 54,479, 54,515 p. 5 (La. App. 2 Cir. 9/21/22), 348 So.3d 888, 892.

"Gross negligence has a well-defined legal meaning, which is distinctly different from the definition of ordinary negligence." *Powell v. State Bd. Of Cert. Pub. Accountants of La.*, 21-0385, p. 18 (La.App. 4 Cir. 12/22/21), 366 So.3d 396, 407 (quoting *Brown v. Lee*, 05-1302, p. 5 (La. App. 4 Cir. 4/5/06), 929 So.2d 775, 778 (citations omitted)). "Gross negligence has been defined as the 'want of even slight care and diligence' and the 'want of that diligence which even careless men are accustomed to exercise.'" *Rabalais v. Nash*, 06-0999, p. 5 (La. 3/9/07), 952 So.2d. 653, 658 (citing *Ambrose v. New Orleans Police Department Ambulance Service*, 93-3099, 93-3110 and 93-3112 (La. 7/5/94), 639 So.2d 216; *State v. Vinzant*, 200 La. 301, 7 So.2d 917 (La. 1942)). "An act or conduct rises to the level of gross negligence when the act is done purposely and with knowledge that it is a breach of duty to others – i.e., a conscious disregard of others." *See Sebble on Behalf of Estate of Brown v. St. Luke's #2, LLC*, 22-0620, p. 17 (La. App. 4 Cir. 3/6/23, 358 So.3d 1030, 1041 (citation omitted).

4

In order to find "'willful misconduct,'" "there must be some voluntary, intentional breach of duty, which may be unlawful, dishonest, or improper, or perhaps all three, that is committed with bad intent, or at best, with wanton disregard for the consequences." *Koonce v. St. Paul Fire & Marine Ins. Co.*,15-0031, p. 5 (La. App. 3 Cir. 8/5/15), 172 So.3d 1101, 1105. "The type of behavior which is considered 'willful misconduct' is intentional wrong behavior." *Brandon v. Lockheed Martin Corp.*, 03-1917, p. 10 (La. App. 4 Cir. 4/14/04), 872 So.2d 1232, 1240 (citing *Banks v. Administrator of Employment Security*, 393 So.2d 696 (La. 1981)).

Here, the plaintiff's petition does not plead any allegations of gross negligence or willful misconduct. Paragraph 15 of the petition sets forth that the care given by defendants "was below the standard of medical care" and thereafter sets forth five separate failures or actions to support that conclusion:

(a) Failing to adequately, medically monitor the decedent in the emergency room and to timely note his change in status and provide appropriate care;

(b) Failing to timely rule out intracranial hemorrhage as the cause of Tristen Edgerson's change of status by further, prompt diagnostic workup;

(c) Delayed diagnosis and treatment of intracranial bleed, including prompt and timely referral of the patient to the neurosurgical service and/or admission to a higher level of care, including the ICU;

(d) Administration of epinephrine and/or other inappropriate and/or ineffective medication under the circumstances;

(e) Other act/omissions constituting a breach of the medical standard of care inherent in the foregoing or incidental thereto.

Again, simply stated there are no allegations of gross negligence or willful misconduct as required by LHEPA. Accordingly, we find that he defendants' exception of no cause of action was properly maintained.

5

In her second assignment of error, Ms. Neville contends that the district court erred in denying her motion for new trial on exception of no cause of action pursuant to La. C.C.P. art. 1973 based on "the Louisiana Supreme Court's subsequent ruling in *Terry v. Notre Dame Health System*, No. 23-CA-68 (La. App. 5 Cir. 10/31/2023), 374 So.3d 221." The grant or denial of a new trial on either discretionary or peremptory grounds is largely left to the discretion of the trial judge. *See Smith v. Alliance Compressors*, 05-855, p. 9 (La. App. 3 Cir. 2/1/06), 922 So.2d 674, 678 (citation omitted). "When reviewing the grant or denial of a motion for a new trial, an appellate court cannot reverse the trial court's decision unless an abuse of discretion can be demonstrated." *Wedgeworth v. Mixon*, 15-686, p. 6 (La. App. 3 Cir. 2/3/16), 184 So.3d 876, 883 (citation omitted).

The trial court's judgment in the instant case was based on its application of the established jurisprudence defining the extreme circumstances required to constitute gross negligence and willful misconduct to the particular factual allegations asserted in the petition. The Supreme Court's opinion in *Terry*[1] in no way contradicts the trial court's judgment in this case. *Terry* did not restrict the applicability of the LHEPA. It did not alter or relax the definitions of gross negligence or willful misconduct, nor did it suggest that an exception of no cause of action was not a proper means of disposing of petitions that fail to adequately plead facts rising to the level of gross negligence.

---

[1] *Terry v. Notre Dame Health Systems*, 23-01582 (La. 2/6/24), 378 So.3d 728.

6

In the instant case, the trial court found that the facts alleged by the plaintiff did not show "entire, utter, complete, or extreme lack of care"[2] or "the want of even slight care and diligence and the want of that diligence which even careless men are accustomed to exercise"[3] as required to state a cause of action for gross negligence. Without some alleged circumstances sufficient to indicate that the defendants acted with "conscious disregard of the safety of others"[4] or had actual awareness of the peril to Mr. Edgerson and demonstrated that they did not care, the plaintiff has not proved a gross negligence claim. As such, the trial court did not abuse its discretion in denying Ms. Neville's motion for new trial.

**CONCLUSION**

For the above and forgoing reasons, we affirm the trial court's maintaining of the defendants' exception of no cause of action and its denial of the plaintiff's motion for new trial.

**AFFIRMED**

---

[2] *See Mullins v. State Farm Fire and Cas. Co.*, 96-0629, p. 6 (La. App. 1 Cir. 627/97), 697 So.2d 750, 754.
[3] *Rabalais v. Nash*, 06-0999, p. 5 (La. 3/907), 952 So.2d 653, 658.
[4] *Sebble*, 22-0620 at pp. 16-17, 358 So.3d at 1041.