732 So.2d 541 (1999)
Janie RILEY
v.
LOUISIANA IGAMING, A Louisiana Partnership in Commendam, and Louisiana Gaming Enterprises, Inc., d/b/a Boomtown Belle Casino and ABC Insurance Company.
No. 98-CA-1106.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1999.
Writ Denied May 28, 1999.
*543 Sean D. Alfortish, New Orleans, Louisiana, Attorney for Appellant Janie Riley.
James M. Jacobs, Scott E. Oliphant, New Orleans, Louisiana, Attorney for Appellees Louisiana I Gaming, et al.
Panel composed of Judges H. CHARLES GAUDIN, CHARLES GRISBAUM, Jr. and JAMES L. CANNELLA.
JAMES L. CANNELLA, Judge.
Plaintiff, Janie Riley, appeals from the trial court judgment rendered in favor of defendants, Louisiana I Gaming, A Louisiana Partnership in Commendam and Louisiana Gaming Enterprises, Inc., d/b/a Boomtown Belle Casino, and ABC Insurance Company (Boomtown), granting their exception of prescription as to the Louisiana law claims and their motion for summary judgment on the unseaworthiness claims. For the reasons which follow, we affirm.
Plaintiff contends that on December 10, 1994, as she was boarding the Boomtown Belle, a riverboat casino, she tripped over a "buckle" in the rug at the outside entrance to the vessel and fell to the floor, twisting her ankle and striking her head on the door as she fell. Boomtown Belle is located in Harvey, Louisiana. Plaintiff is a resident of Plaquemines Parish, Louisiana. Sometime between December 7 and 9, 1995, plaintiff filed suit in Civil District Court For The Parish Of Orleans.[1] Service was not made on Boomtown until 17 months later, on March 3, 1997. Boomtown responded to plaintiffs suit with an exception of venue. Thereafter, on September 11, 1997, plaintiff filed an Unopposed Motion and Order to Transfer, admitting that the suit was "filed in an improper venue." The order was signed on September 26, 1997, transferring the case from Civil District Court to the Twenty-Fourth Judicial District Court.
Plaintiff's petition asserts three theories of recovery: (1) general maritime law negligence; (2) unseaworthiness; and (3) alternative claims under Louisiana state law for negligence. On March 20, 1998, Boomtown filed a pleading entitled Motion for Summary Judgment. They argued that there were no genuine issues of material fact on claims (1) and (2) and that they were entitled to judgment thereon as a matter of law. Boomtown also argued that the claims based on Louisiana law had prescribed. At the hearing on the motion, plaintiff agreed to the dismissal of the unseaworthiness claim and it is not an issue in this appeal. Following the hearing on the two remaining issues, the trial court ruled in favor of Boomtown, finding that plaintiffs Louisiana state law claims had prescribed and that they were entitled to summary judgment on the maritime claims.
Plaintiff filed a Motion for Rehearing, Reconsideration and/or New Trial and attached an additional affidavit in an attempt to defeat the summary judgment. Following another hearing, the trial court denied the motion by judgment dated June 17, 1998. It is from this judgment that plaintiff now appeals.
On appeal plaintiff assigns two errors, that the trial court erred in granting the exception of prescription to her Louisiana state law claims and in granting Boomtown's motion for summary judgment on the maritime claims.

PRESCRIPTION
Plaintiff argues that the trial court erred in granting the exception of prescription to the claims that she asserts under Louisiana negligence law.
It is not disputed that plaintiffs Louisiana state law negligence claims are governed by a 1 year prescriptive period. La. *544 C.C. art. 3492.[2] To interrupt the running of prescription, plaintiff must commence action in a court of competent jurisdiction and venue. If the action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period. La. C.C. art. 3462.
In this case, plaintiff filed suit within the one year period. However, by her own admission, as well as the facts asserted by Boomtown, she originally filed in Civil District Court, an improper venue. Service was not made on Boomtown until some 17 months later, well after the one year prescriptive period had run. As a result, plaintiff's claims under Louisiana state law have prescribed.
Plaintiff argues that the trial court erred in not finding that prescription had been interrupted because Boomtown only filed an exception to venue initially and did not also file the prescription exception at that time. In the alternative, plaintiff argues that Boomtown has waived their right to plead prescription by consenting to the transfer of the case from Civil District Court to the Twenty-Fourth Judicial District Court. We disagree with both arguments.
Once the 1 year prescriptive period had run and Boomtown had been neither sued in a court of competent jurisdiction and venue, nor served, prescription had run. Boomtown could have committed an act that might have waived their exception to venue, but they did not. They timely filed the venue exception. As a result, plaintiff admitted to the improper venue and moved, without objection, to have the case transferred to the Twenty-Fourth Judicial District Court, a court of proper venue. Thereupon, Boomtown asserted their prescription exception. The exception of prescription may be pleaded at any time prior to submission of the case for decision. La. C.C.P. art. 928. Prescription, having tolled, was not interrupted by the transfer of the case. Mayeux v. Martin, 247 So.2d 198 (La.App. 3rd Cir.1971).
Therefore, we find no error in the trial court ruling granting Boomtown's exception of prescription as to plaintiff's Louisiana state law claims.

SUMMARY JUDGMENT
Plaintiff argues that the trial court erred in granting Boomtown's motion for summary judgment. In support of this argument, plaintiff contends that the issue before the trial court in deciding whether the summary judgment should have been granted was whether there was a material issue of fact as to whether Boomtown knew or should have known of the dangerous condition that caused plaintiff's accident. Plaintiff contends that there were material issues of fact presented by the two affidavits which she filed in opposition to the motion for summary judgment.
Boomtown argues that the affidavit of Jarrod Perkins, filed in connection with the motion for new trial, should not be considered by this court in deciding if the summary judgment was properly granted, because the affidavit was not before the trial court when the ruling granting the summary judgment was made. In the alternative, Boomtown argues that even considering both affidavits, plaintiff has not rebutted Boomtown's showing that there is an absence of factual support for one or more of the elements essential to plaintiff's claim, that is, that Boomtown had knowledge of the dangerous condition that caused plaintiff's injuries and that they failed to act reasonably under the circumstances.
Summary judgments are reviewed on appeal de novo. Smith v. Our Lady of Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730. Although La. *545 C.C.P. art. 966, the summary judgment article, was amended effective July 1, 1997, expressing an intent in favor of summary judgments, the burden of proof on summary judgment remains with the mover. However, if, as here, the mover will not bear the burden of proof at trial, he only need point out to the court that there is an absence of factual support for one or more of the elements essential to the adverse party's claim. Once the mover establishes that there is no factual support for an essential element of the adverse party's claim, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If he fails to do so, there is no genuine issue of material fact and the mover is entitled to summary judgment. La. C.C.P. 966(C)(2); Schwarz v. Administrators Tul. Educ. Fund, 97-0222 (La.App. 4th Cir. 9/10/97), 699 So.2d 895.
In its motion for summary judgment, Boomtown argued that there was absolutely no factual support for plaintiff's claim that a buckle in the rug caused her to trip, that the rug was buckled at all, that it was buckled for any length of time, or that Boomtown knew about the condition and did not act reasonably under the circumstances. In support of their motion, Boomtown relied on plaintiff's own deposition testimony, citing the portion where plaintiff stated that she did not see the buckle in the rug and did not know what caused her to trip. Further, there were no allegations that Boomtown knew of the condition, if it did exist.
In opposition to the motion and in support of her claim, plaintiff submitted the affidavit of Shonda Martin which states that "on or about the 10th of December, 1994" she was present at Boomtown Casino and saw the rug in front of the casino as she walked in and noticed that the rug was buckled. She further stated that she saw no Boomtown employees near the entrance. This was the entirety of plaintiff's opposition.
Following the hearing, the trial court ruled that plaintiff had not provided sufficient factual support to establish that she would be able to satisfy her evidentiary burden of proof at trial. Specifically, the trial court noted:
Ms. Martin's affidavit doesn't relate in any way to this accident, okay. She saw a rug buckled on a day. She doesn't even know what day it was, okay. It has nothing to do with this accident, it doesn't create a material issue of fact in this case, okay, and that's what the summary judgment motions are for, to determine whether or not, not just any issue, but a material issue. She did not witness this accident, therefore, the question of whether or not there's a material accident [sic] in this case I think is resolve at this time in favor of the defendants.
The trial court granted Boomtown's motion for summary judgment.
Thereafter, plaintiff filed a motion for reconsideration, rehearing and new trial. Attached to that motion was another affidavit. In this affidavit, Jarrod Perkins stated that on the 10th of December 1994, he accompanied plaintiff to the Boomtown Casino, he noticed the rug right before plaintiff fell and noticed that it was buckled and that plaintiffs foot caught in the buckled portion of the rug causing her to fall and injure herself. He further stated that he saw no Boomtown employees at the entrance. The trial judge denied the motion for new trial.
Defendants argue that this second affidavit should not be considered on appellate review of the summary judgment granted in Boomtown's favor, because it was not before the trial court when she made her ruling on the motion.
We pretermit consideration of the question of whether the second affidavit can be considered to defeat Boomtown's motion for summary judgment, because we find, that even considering both affidavits, plaintiff has not come forward with sufficient factual support to establish that she *546 will be able to satisfy her evidentiary burden at trial. Therefore, the summary judgment was properly granted in Boomtown's favor.
This case is over 4 years old. There has been ample time for depositions and discovery. Yet on motion for summary judgment, plaintiff came forward with only one affidavit which, at best, might establish that there was a buckled rug at some uncertain time near an entrance to the casino on the day of the accident. Thus, even if we assume that Shonda Martin's information related to the day of plaintiff's accident, it still did not create the necessary time frame from which could be derived Boomtown's knowledge or constructive knowledge of the dangerous condition and whether it acted unreasonably under the circumstances. Nor is it clear that the rug which Shonda Martin saw was the same rug which plaintiff tripped over. And, the affidavit said nothing about the cause of plaintiff's fall, since it is undisputed that Shonda Martin was not an eye witness to the accident.
Thereafter, plaintiff came forward with a second affidavit from her companion about the day in question who was an eyewitness to the accident. He did state that he saw plaintiff fall due to the buckled rug. However, still no facts were presented to show how long the rug was buckled, or that any of Boomtown's employees knew or should have known about the rug. To the contrary, both affidavits provided that no Boomtown employees were in the area. Considering both affidavits together, there is no showing of any negligence on the part of Boomtown.
Under general maritime law, the duty owed by a vessel owner to a passenger is reasonable care under the circumstances. Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959). The mere fact that an accident happened, without more, is insufficient to establish an actionable negligence claim under general maritime law. Kermarec, supra; Counts v. Lafayette Crewboats, Inc., 622 F.Supp. 299 (W.D.La.1983). It is a prerequisite to imposing liability that there is a showing that the carrier had actual or constructive notice of the risk-creating condition. Everett v. Carnival Cruise Lines, 912 F.2d 1355 (11th Cir.1990).
In this case, taking the two affidavits and reading them favorably to plaintiff's case, plaintiff has failed to produce any factual support to establish her ability to meet her evidentiary burden at trial with regard to Boomtown's actual or constructive notice of the risk-creating condition and their unreasonable care under the circumstances. Absent such a showing, under La. C.C.P. art. 966(C)(2), there is no genuine issue of material fact and mover is entitled to judgment as a matter of law. Therefore, we find no error in the trial court judgment granting Boomtown's motion for summary judgment.
Accordingly, for the reasons set out above, we affirm the judgment of the trial court, granting the exception of prescription on the claims asserted under Louisiana state law, granting the summary judgment in favor of Boomtown on the maritime law claims and dismissing plaintiff's case, with prejudice. Costs of appeal are assessed against plaintiff.
AFFIRMED.
NOTES
[1] We do not have that pleading in the record before us. The record on appeal begins with the transfer to the Twenty-Fourth Judicial District Court For The Parish Of Jefferson.
[2] In contrast, the maritime claims are subject to a 3 year prescriptive period. 46 U.S.C. 763a.