954 So.2d 174 (2007)
Brenda JINRIGHT
v.
Dr. Cynthia GLASS, Dr. George Linder, Houma Outpatient Surgery Center, Doctor's Hospital, ABC Insurance Company, DEF Insurance Company, GHI Insurance Company.
No. 06-CA-888.
Court of Appeal of Louisiana, Fifth Circuit.
February 27, 2007.
Harry E. Cantrell, Jr., New Orleans, Louisiana, for Plaintiff/Appellant.
Stewart E. Niles, Jr., Bryan J. Knight, Niles, Bourque & Fontana, L.C., New Orleans, Louisiana, for Defendants/Appellees, Dr. Cynthia Glass, Dr. George Linder and Louisiana Medical Mutual Insurance Company.
Mickey S. deLaup, Alexandra L. Kelly deLaup, Schexnayder & Miranda, LLC, Metairie, Louisiana, for Defendant/Appellee, Houma Outpatient Surgery Center.
Kathryn M. Caraway, Sheri S. Faust, Frilot Partridge, L.C., New Orleans, Louisiana, for Defendant/Appellee, Doctors' Hospital.
*176 Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and SUSAN M. CHEHARDY.
THOMAS F. DALEY, Judge.
The plaintiff has appealed the trial court's grant of the defendants' Exceptions of Prescription in this medical malpractice case. For the reasons that follow, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY:
On September 23, 1999, plaintiff, Brenda Jinright, underwent breast reduction surgery performed by Dr. Cynthia Glass and assisted by Dr. George Linder at the Houma Outpatient Surgery Center. Subsequently, she developed an infection and required additional surgery that was performed at Doctors Hospital. On September 22, 2000, plaintiff mailed a complaint relative to her treatment by Drs. Glass and Linder to the Louisiana Patients' Compensation Fund pursuant to LSA-R.S. 40:1299.47. Houma Outpatient Surgery Center and Doctors Hospital were also named as defendants. A medical review panel was convened and a decision rendered on June 12, 2003. Plaintiff's counsel received a certified copy of the panel opinion on June 17, 2003.
On September 23, 2003, plaintiff filed suit in Civil District Court for the Parish of Orleans against Dr. Cynthia Glass, Dr. George Linder, Houma Outpatient Surgery Center, and Doctors Hospital. All defendants filed Exceptions of Improper Venue claiming venue was proper in Jefferson Parish. The defendants also filed Exceptions of Improper Service of Process because plaintiff improperly served each party's counsel whom had represented the respective defendants during the medical malpractice proceeding, rather than the party or their registered agents for service of process. On January 15, 2004, the trial court in Orleans Parish granted both the Exceptions of Improper Venue and Improper Service of Process. The plaintiff sought supervisory review from the Fourth Circuit Court of Appeal regarding this judgment. On April 28, 2004, the Fourth Circuit denied plaintiff's Writ Application.
At that point the matter was transferred to the 24th Judicial District Court (JDC) for the Parish of Jefferson pursuant to the judgment dated January 15, 2004 by the trial court in Orleans Parish. On July 13, 2004, the Clerk of Court for the 24th JDC sent notice of receipt of transfer indicating that the suit would be filed and assigned a case number upon receipt of payment of the requisite fees. On August 10, 2004, the Clerk of Court for the 24th JDC notified all counsel that the case had been transferred and assigned it a filing date of July 27, 2004. After 90 days elapsed, the defendants filed Motions for Dismissal for failure to timely request service. On February 24, 2005, all of plaintiff's claims against defendants were dismissed without prejudice for failure to timely request service. On March 8, 2005, plaintiff re-filed her claims in Jefferson Parish against all of the defendants alleging the defendants were liable to her for damages suffered as a result of the defendants' negligence in performing her surgery and during her treatment in the post-operative period.
Defendants then filed Exceptions of Prescription, which were granted by the trial court. This timely appeal followed.
LAW AND DISCUSSION:
On appeal, the plaintiff claims the trial court erred in granting the exceptions of prescription because the timely filing of the suit in Orleans Parish interrupted prescription and her suit filed on March 8, 2005 in Jefferson Parish related back to the filing of the Orleans Parish suit. Defendants respond that the Jefferson Parish suit does not relate back to the Orleans *177 Parish suit because the Orleans Parish suit was filed in a court of the improper venue and there was no proper service in the Orleans Parish suit. Defendants also argue that the suit in Orleans Parish was not timely filed and further that regardless of whether the Orleans Parish suit was timely filed, plaintiff's suit filed on March 8, 2005 in Jefferson Parish was prescribed.
Plaintiff contends that her suit in Orleans Parish was timely filed, explaining that prescription did not begin to run until she discontinued treatment with either Dr. Glass or Dr. Linder on August 17, 2000. She received the certified copy of the medical review panel opinion on June 17, 2003 and under LSA-R.S. 40:1299.47(A)(2)(a), she had 90 days from the receipt of the panel opinion in addition to any time remaining in her original prescriptive period to file suit. Using this reasoning, she concludes that she had until January 9, 2004 to file suit. Defendants contend that since the alleged date of malpractice was September 23, 1999, and the PCF suit was filed on September 22, 2000, plaintiff had only one day remaining on her prescriptive period to file suit in addition to the 90 days after receipt of the panel opinion. Defendants conclude plaintiffs had until September 16, 2003 to file suit and as a result the suit filed on September 23, 2003 in Orleans Parish was untimely. Defendants further argue that regardless of which prescriptive date is used, plaintiff's suit filed in Jefferson Parish on March 8, 2005 was prescribed and was properly dismissed.
LSA-R.S. 9:5628 A provides:
No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
We disagree with defendants' contention that prescription began to run on the date of plaintiff's surgery. The record before us is insufficient to determine when prescription began to run. However, our review of the statutory law and jurisprudence results in plaintiff's suit being prescribed even if we were to adopt plaintiff's argument that she had until January 9, 2004 to file suit. This is because we conclude that plaintiff's suit filed in Orleans Parish did not interrupt prescription.
The burden of proof is generally on the party pleading prescription. Hudson v. East Baton Rouge Parish School Board, 02-0987 (La.App. 1 Cir. 3/28/03), 844 So.2d 282, 286. However, when the petition is prescribed on its face, the plaintiff has the burden of showing that prescription has been interrupted in some manner. Id. Evidence may be introduced to support or controvert the peremptory exception raising the objection of prescription pursuant to LSA-C.C.P. art. 931 when the grounds for the exception do not appear on the face of the petition. In the absence of evidence the exception of prescription must be decided upon the facts alleged in the petition, and all allegations therein are accepted as true. Id. In the case at bar, no evidence was introduced at the hearing on the exception of prescription. Accordingly, we review the exception *178 of prescription from the face of the pleadings.
LSA-C.C. art. 3462 provides:
Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
An action commenced in an incompetent court interrupts prescription under this article as to defendant served by process within prescriptive period, even if process is defective and subject to exception, if process is sufficient to inform persons served of legal demands made upon them. Breaux v. Vicknair, 507 So.2d 1242 (La. 1987). However, the proper person, as designated by law, must be served before service of process will interrupt the running of prescription. Mejia v. Lineas Maritimas De Santo Domingo, 570 So.2d 548 (La.App. 4 Cir.1990).
In the case at bar, the plaintiff requested service on the attorneys who represented the various defendants in the medical review panel proceeding rather than serving the physicians individually and the corporate defendants through their agent for service of process[1]. "It is only after . . . the appearance of a defendant through counsel that service of all other process in the suit may be accepted by his attorney of record." Wadsworth v. Alexius, 99 So.2d 77, 80, 234 La. 187 (La. 1958). In order to interrupt prescription by service of process, it is essential that the defendant be served. Conner v. Continental Southern Lines, Inc., 294 So.2d 485 (La.1974). Thus, prescription was not interrupted as to plaintiff's claims while the suit was pending in Orleans Parish because the suit was filed in a court of improper venue and none of the defendants were properly served within the prescriptive period.
Additionally, the transfer of plaintiff's suit to Jefferson Parish did not serve to interrupt prescription. A transfer pursuant to the grant of an exception of venue does not interrupt prescription.[2]Riley v. Louisiana I-Gaming, 98-1106 (La. 5 Cir. 3/10/99), 732 So.2d 541.
The record reflects that when plaintiff's suit was transferred to Jefferson Parish, no action was taken by plaintiff to correct the improper service instructions that appeared on the original petition filed in Orleans Parish, nor was any action taken to request service. Since the plaintiff did not request service upon the defendants within 90 days after the suit was assigned a transfer date as required by LSA-C.C.P. art. 1201, this suit was subsequently dismissed pursuant to LSA-C.C.P. art. 1672(C), Because plaintiff's claims were dismissed in their entirety for failure to *179 request service there is no statutory basis upon which this suit filed in Jefferson Parish on March 8, 2005 could relate back to the Orleans Parish suit for the purposes of prescription.
In support of her position for relating back, plaintiff relies on LSA-C.C.P. art. 1153, which provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
The error in this argument is that plaintiff did not file an amended petition on March 8, 2005; rather, plaintiff filed a new lawsuit after her original petition was completely dismissed for failure to timely request service.
CONCLUSION:
The trial court correctly granted the defendants' Exceptions of Prescription. Plaintiff's suit filed in Orleans Parish did not interrupt prescription because it was filed in a court of improper venue and service on the attorneys who represented the defendants in the medical review panel proceeding was not sufficient to interrupt prescription. There is no statutory basis for the lawsuit filed in Jefferson Parish on March 8, 2005 to relate back to the lawsuit filed in Orleans Parish where venue was improper and defendants were not served. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Plaintiff's writ application relative to the trial court judgment granting defendants' Exceptions of Improper Venue and Service were denied.
[2] See 8 La. Civ. L. Treatise, Business Organizations § 31.10, which states:

However, a transfer of venue will not fix prescription problems that would otherwise arise under art. 3462 of the Civil Code. Article 3462 provides that prescription is not interrupted by the filing of a suit in the wrong venue; when a suit is filed in the wrong venue, only service of process on the defendant within the prescriptive period will prevent the claim from prescribing. [FN omitted] A transfer of venue after a suit has prescribed under art. 3462 does not operate retroactively to fix the venue problem for prescription purposes; the prescribed claim remains prescribed. [FN omitted]