976 So.2d 746 (2008)
Yvonne BALDINI
v.
EAST JEFFERSON GENERAL HOSPITAL, Dr. Donald Adams & Dr. John Gordon.
No. 07-CA-489.
Court of Appeal of Louisiana, Fifth Circuit.
January 22, 2008.
*748 Brian G. Birdsall, Attorney at Law, New Orleans, LA, for Plaintiff/Appellant.
Jacqueline H. Blankenship, Stephen H. Shapiro, Attorneys at Law, Metairie, LA, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
WALTER J. ROTHSCHILD, Judge.
In this medical malpractice action, plaintiff appeals a trial court judgment sustaining defendants' Exceptions of Prescription and dismissing her lawsuit and Medical Review Panel claims. For the reasons which follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On December 1, 2004, plaintiff, Yvonne Baldini, presented to East Jefferson General Hospital ("East Jefferson") for rehabilitation after having a mild stroke. According to Ms. Baldini, her rehabilitation coordinator, Dr. Donald Adams, suggested that she undergo a bilateral temporal artery biopsy in order to rule out temporal arteritis as a possible cause of her stroke. On December 6, 2004, Dr. John Gordon began the procedure. Plaintiff claims that during the procedure, Dr. Gordon's electrocautery unit laser ignited oxygen used in the procedure, causing severe second degree burns to her face and other complications.
On December 1, 2005, plaintiff filed suit against East Jefferson, Dr. Donald Adams, and Dr. Gordon, asserting that she suffered severe and serious damages as a result of the negligence of these defendants. Also on December 1, 2005, plaintiff filed a malpractice complaint with the Louisiana Patient's Compensation Fund ("PCF"), in which she requested review of her claims by a medical review panel. In a letter dated December 7, 2005, the PCF acknowledged receipt of plaintiff's complaint and advised plaintiff's counsel that a $300 filing fee was due to the PCF within forty-five (45) days of the date of the letter, in accordance with LSA-R.S. 40:1299.47A(1)(c). The PCF's letter further notified plaintiff's counsel that "[f]ailure to comply shall render the request invalid and without effect and the request shall not suspend the time within which suit must be instituted."
On December 13, 2005, defendants filed an Exception of Prematurity, asserting that plaintiff's lawsuit was filed in contravention of LSA-R.S. 40:1299.47B(1)(a)(i), because a medical review panel had not been completed. In February 2006, by consent of the parties and pursuant to the Exceptions of Prematurity, the trial court dismissed plaintiff's lawsuit against defendants without prejudice.
In a letter dated April 18, 2006, the PCF notified plaintiff's counsel that it had not received the filing fees that plaintiff was required to pay within the 45 days set forth in LSA-R.S. 40:1299.47A(1)(c). The letter indicated that, because the PCF did not receive the required filing fee within the time allowed by law, plaintiff's complaint was invalid, without effect, and "no longer considered filed" by the PCF. On April 25, 2006, plaintiff filed a second Petition for Damages in the Twenty-Fourth Judicial District Court and a second complaint with the PCF requesting a medical review panel. Plaintiff's counsel also submitted the $300 filing fee when he filed the second complaint with the PCF. In a letter dated May 2, 2006, the PCF acknowledged receipt of plaintiff's request for a medical review panel and the $300 filing fee.
On June 16, 2006, defendants filed Exceptions of Prescription, arguing that *749 plaintiff's claims against them had prescribed because the second lawsuit was not filed within the one-year prescriptive period set forth in LSA-R.S. 9:5628. A hearing on defendants' Exceptions of Prescription was held on January 5, 2007, and the trial court took the matter under advisement. On February 2, 2007, the trial court rendered a judgment sustaining defendants' Exceptions of Prescription and dismissing plaintiff's claims against defendants. It is from this ruling that plaintiff, Yvonne Baldini, appeals.
LAW AND DISCUSSION
On appeal, plaintiff asserts that the trial court erred in granting defendants' Exceptions of Prescription.
The party bringing an Exception of Prescription normally bears the burden of proof at the hearing of the exception. Hudson v. East Baton Rouge Parish School Board, 02-987, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 282, 286; Campo v. Correa, 01-2707, p. 7 (La.6/21/02), 828 So.2d 502, 508. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action is not prescribed, because prescription has been interrupted or suspended in some manner. Id.; Jinright v. Glass, 06-888, p. 6 (La.App. 5 Cir. 2/27/07), 954 So.2d 174, 177, writ denied, 07-570 (La.5/4/07), 956 So.2d 618.
LSA-R.S. 9:5628(A) provides that a medical malpractice action must be brought within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect. Prescription begins to run when a plaintiff has actual or constructive knowledge of facts indicating to a reasonable person that she is the victim of a tort. In re: Medical Review Panel of Lafayette, 03-457 (La.App.5 Cir. 10/15/03), 860 So.2d 86, 89. The prescriptive period for a medical malpractice claim commences upon the occurrence of the injury when the damages are immediately apparent. In re: Medical Review Panel for Claim for Moses, 00-2643, p. 8 (La.5/25/01), 788 So.2d 1173, 1178.
In the present case, the alleged malpractice occurred on December 6, 2004, when plaintiff underwent a procedure during which a laser ignited oxygen resulting in burns to plaintiff's face. Plaintiff's allegations of second degree burns caused by this procedure surely indicate that the damages were immediately apparent. Thus, the prescriptive period for plaintiff's medical malpractice claims began to run on December 6, 2004 when plaintiff's injuries were allegedly sustained.
Plaintiff's second Petition for Damages, which is at issue in this appeal, was filed on April 25, 2006. Also on this date, plaintiff made a second request to the PCF for a medical review panel. Because plaintiff's second Petition for Damages and second PCF complaint were filed over one year after the date of the alleged malpractice, plaintiff's claims have prescribed on their face. Consequently, on defendants' Exceptions of Prescription, the burden shifted to plaintiff to show that her claims had not prescribed. The trial court found that plaintiff did not meet this burden. We agree.
Plaintiff argues that the trial court erred in granting defendants' Exceptions of Prescription, because the malpractice claim she filed with the PCF on December 1, 2005 should still be considered valid and viable. She asserts that her failure to pay a $300 filing fee to the PCF within 45 days of December 7, 2005 did not render her claim invalid. She further contends that due to "Hurricane Katrina and the Executive and Legislative suspension of applicable deadlines," she was entitled to an extension *750 of time to pay the PCF's filing fees.
Plaintiff filed a complaint with the PCF requesting a medical review panel on December 1, 2005. In accordance with LSA-R.S. 40:1299.47 A(3)(b), the PCF sent notice to plaintiff's counsel of the required filing fee and informed him that failure to pay this fee within 45 days would render plaintiff's request for a medical review panel without effect and the request would not suspend the time for filing suit.
LSA-R.S. 40:1299.47 A(1)(c) provides that a claimant shall have "forty-five days from the mailing date of the confirmation of receipt of the request for review" to pay a filing fee of $100 per qualified named defendant. LSA-R.S. 40:1299.47 A(1)(e) provides that failure to pay the required filing fee within the specified time frame "shall render the request for review of a malpractice claim invalid and without effect," and "an invalid request for review of a malpractice claim shall not suspend time within which suit must be instituted." Plaintiff does not dispute that the required filing fees were not paid within the 45 days set forth in LSA-R.S. 40:1299.47 A(1)(c). However, she asserts that she should have been allowed an extension of time to pay these fees pursuant to LSA-R.S. 9:5824, due to the effects of Hurricane Katrina.
LSA-R.S. 9:5822 through 9:5824 were passed by the legislature in ratification of Governor Blanco's Emergency Orders after Hurricanes Katrina and Rita. LSA-R.S. 9:5822 provides in pertinent part:
A. All prescriptions, including liberative, acquisitive, and the prescription of nonuse, and all peremptive periods shall be subject to a limited suspension and/or extension during the time period of August 26, 2005, through January 3, 2006; however, the suspension and/or extension of these periods shall be limited and shall apply only if these periods would have otherwise lapsed during the time period of August 26, 2005, through January 3, 2006. This limited suspension and/or extension shall terminate on January 3, 2006, and any right, claim, or action which would have expired during the time period of August 26, 2005, through January 3, 2006, shall lapse on January 4, 2006.
LSA-R.S. 9:5824(B) states in pertinent part:
(1) Notwithstanding the provisions of R.S. 9:5822 or 5823, a party who is domiciled within the parishes of Cameron, Orleans, Plaquemines, St. Bernard, Jefferson, or Vermilion, or whose cause of action arose within such parishes or whose attorney is domiciled within or has a law office within such parishes, may seek in any court of competent jurisdiction in this state a limited suspension and/or extension of prescription or peremption periods or other legal deadlines, beyond the termination dates provided in R.S. 9:5822 and 5823, by contradictory motion or declaratory judgment. The party seeking an additional suspension and/or extension, in accordance with the provisions of this Section, shall bear the burden of proving by a preponderance of the evidence that the motion was filed at the earliest time practicable and but for the catastrophic effects of Hurricane Katrina or Rita, the legal deadline would have been timely met. If the court grants the motion, the prescription or peremptive period or other legal deadline shall be suspended or extended for a period not to exceed thirty days from the date of the granting of the motion. This limited suspension or extension shall terminate on June 1, 2006, and any right, claim, or action which would have expired during the *751 time period of January 4, 2006, through May 31, 2006, shall lapse on June 1, 2006. (Emphasis added.)

(2) The failure to file the motion authorized in Paragraph (1) of this Subsection shall not preclude a party from using the basis of the motion as a defense to an exception of prescription.
In the instant case, the $300 filing fee at issue was due to the PCF on or about January 20, 2006. Thus, the suspension of legal delays set forth in LSA-R.S. 9:5822 does not apply to plaintiff's failure to pay the PCF's filing fees, because the period of time to pay these fees did not lapse between August 26, 2005 and January 3, 2006. LSA-R.S. 9:5824 allows a party to seek an additional suspension or extension of time for thirty days or until June 1, 2006 due to the effects of Hurricane Katrina. However, plaintiff never filed any pleading or request for such an extension in this case. Moreover, although failure to file a motion for extension or suspension does not preclude a party from using the basis of the motion as a defense to an exception of prescription, plaintiff did not establish by a preponderance of the evidence that the filing fees would have been timely paid but for the effects of Hurricane Katrina. See Parker v. B & K Construction Co., Inc., 06-1465 (La.App. 4 Cir. 6/27/07), 962 So.2d 484.
Plaintiff also argues that she should have been granted additional time to pay the PCF's filing fees because, due to Hurricane Katrina, plaintiff's counsel did not receive the PCF's letter dated December 7, 2005, acknowledging receipt of plaintiff's request for review and informing plaintiff of the filing fees and consequences for failure to timely file these fees. Plaintiff's counsel acknowledges that the PCF's December 7, 2005 letter was received by a receptionist at his law firm. However, he claims that she was authorized to receive regular mail but not certified mail, and he claims that he never personally received the letter. Plaintiff's counsel argues that but for the fact that his office was not operating at full capacity in the aftermath of Hurricane Katrina, his secretary would have received the mail and the required filing fees would have been timely paid to the PCF. Accordingly, plaintiff asserts that she should be entitled to an extension of suspension of legal delays for payment of filing fees because Hurricane Katrina ultimately caused her failure to pay the required fees. We find this argument to be unpersuasive.
In opposition to defendants' Exceptions of Prescription, plaintiff submitted the affidavit of Claudia Breaux, the receptionist who signed for the PCF's December 7, 2005 letter. In her affidavit, Ms. Breaux stated that she has been employed as a receptionist at the office of plaintiff's counsel for 21 years and that her job duties include receiving and sorting mail, though she was not authorized to receive certified mail. We note that LSA-R.S. 40:1299.47 A(1)(c) specifically sets forth the requirement that a claimant pay the required filing fees to the PCF within 45 days from mailing of the confirmation of receipt of the request for a medical review panel. Even if plaintiff's counsel was unaware of the provisions of LSA-R.S. 40:1299.47 A(1)(c), it is undisputed that notification of these provisions was sent to plaintiff's counsel and received by a long-time employee in his office. Plaintiff has not shown by a preponderance of the evidence that, but for the catastrophic effects of Hurricane Katrina, the legal deadline to pay the PCF's filing fees would have been met. Thus, she has not shown that she was entitled to an extension or suspension of delays under LSA-R.S. 9:5824.
Plaintiff further contends that the PCF incorrectly determined that the filing of *752 plaintiff's medical malpractice complaint on December 1, 2005 was untimely due to failure to timely pay filing fees. However, the PCF did not determine that plaintiff's first complaint filed December 1, 2005 was untimely. Rather, the PCF sent a letter to plaintiff's counsel notifying him that plaintiff's complaint was "no longer considered filed" and was invalid and without effect due to plaintiff's failure to pay filing fees. In fact, the PCF never found either of plaintiff's complaints or requests for a medical review panel to be untimely. Further, although plaintiff argues that her December 1, 2005 complaint should not have been rendered invalid due to failure to pay filing fees, plaintiff never took any action or filed any pleadings, such as a mandamus action, to contest the PCF's determination that her first complaint was invalid and without effect. Instead, plaintiff simply filed a second lawsuit and a new, second request for a medical review panel and included the $300 fee with this request.
Plaintiff further asserts that the trial court incorrectly relied solely on the PCF's determination that the malpractice claim filed on December 1, 2005 was invalid, thus rendering the malpractice suit untimely. However, the record before us does not reveal that the trial judge relied solely on the PCF's determination that plaintiff's complaint was invalid when granting defendants' Exceptions of Prescription. Rather, the trial judge heard arguments from both sides regarding the merits of defendants' exceptions prior to rendering a judgment.
Finally, plaintiff asserts that the Louisiana Medical Malpractice Act unconstitutionally "allows the PCF to accept claims without payment of any filing fee, and deems them filed for purposes of interrupting prescription, yet after the passage of 45 days then deems the claim invalid if payment is not received, thus nullifying the previously recognized interruption of prescription."
It is well-settled that litigants must raise a constitutional challenge in the trial court, rather than in the appellate court. Mallard Bay Drilling, Inc. v. Kennedy, 04-1089, p. 8 (La.6/29/05), 914 So.2d 533, 541. A constitutional challenge must also specifically plead the challenge and the grounds for the claim must be particularized. Id. The purpose of this requirement is to allow the parties to brief and argue the issue at a contradictory hearing in order to make a full record for appellate review. Vallo v. Gayle Oil Company, Inc., 94-1238 (La.11/30/94), 646 So.2d 859, 865.
In the instant case, plaintiff did not raise the issue of the constitutionality of LSA-R.S. 40:1299.47 A(1)(e) or any other section of the Louisiana Medical Malpractice Act in the trial court. Accordingly, because this constitutionality issue has been raised for the first time on appeal, it is not properly before us and cannot be considered.
In conclusion, plaintiff's initial lawsuit was filed on December 1, 2005, but was subsequently dismissed on an Exception of Prematurity. With regard to plaintiff's December 1, 2005 request for a medical review panel, it is invalid and without effect due to plaintiff's failure to pay the required filing fees to the PCF. An invalid request for review of a malpractice claim does not suspend the time within which suit must be instituted, as per LSA-R.S. 40:1299.47 A(1)(e). Without interruption or suspension of prescription in this case, plaintiff's Petition for Damages and second request for a medical review panel filed April 25, 2006 were untimely, because they were not filed within one year of the alleged malpractice. Considering the record before us, the parties' arguments, and the applicable law, we find that the trial *753 court did not err in granting defendants' Exceptions of Prescription.
DECREE
For the foregoing reasons, we affirm the judgment of the trial court, granting defendants' Exceptions of Prescription and dismissing plaintiff's claims.
AFFIRMED.