981 So.2d 154 (2008)
Mary Louise SMILEY
v.
MEADOWCREST HOSPITAL, INC.
No. 08-CA-16.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 2008.
Rehearing Denied May 19, 2008.
Catherine M. Hilton, Attorney at Law, New Orleans, Louisiana, for Plaintiff/Appellee.
Franklin D. Beahm, Marcus A. Green, Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellant.
Andre C. Gaudin, Lucie Thornton, Burglass & Tankersley, Attorneys at Law, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
CLARENCE E. McMANUS, Judge.
Defendant, Tenet Health Systems Hospitals, Inc., d/b/a Meadowcrest Hospital, Inc., ("Meadowcrest"), appeals from a judgment granting an exception of prescription dismissing its petition for intervention. *155 For the reasons that follow, we affirm the decision of the trial court.
James Smiley, Jr. was admitted to Meadowcrest on June 28, 2001 with symptoms of paralysis and decubitus wounds. Mr. Smiley's skin condition worsened while he was in Meadowcrest. On July 25, 2001[1], Mr. Smiley was transferred to Advanced Care Center for extended rehabilitation and aggressive wound treatment. Mr. Smiley died on August 17, 2001.
Plaintiff, Mary Louise Smiley[2], instituted this medical malpractice proceeding on June 17, 2004 against Tenet Health Systems Hospitals, Inc., d/b/a Meadowcrest Hospital, Inc., ("Meadowcrest"), alleging that negligence on the part of Meadowcrest staff in treating Mr. Smiley's decubitus ulcers caused them to become necrotic and infected, resulting in sepsis and contributing to his death.
On November 8, 2005, the trial court rendered judgment on plaintiff's Petition for Approval of Settlement of Medical Malpractice Action, approving plaintiff's settlement agreement with Meadowcrest, in which Meadowcrest agreed to pay plaintiff the sum of $75,000.00. On January 3, 2006, the trial court rendered a partial judgment of dismissal, dismissing plaintiff's claims against Meadowcrest with prejudice, with the provision that Meadowcrest would remain a nominal defendant for purposes of plaintiff's continued claim against the Louisiana Patient's Compensation Fund, ("the LPCF").
On December 8, 2006, Meadowcrest sought and obtained leave to file a Petition of Intervention on Open Account. In its petition, it alleges that plaintiff was indebted to it for $261,993.65 for medical/hospital care, services and goods it provided to the decedent during his hospital stay. The LPCF filed an exception of prescription, alleging the prescriptive period of three years on open account was applicable, and the intervention was prescribed.
On November 8, 2007, the trial court granted the exception of prescription. In so doing, the court stated that
The court finds this case in an unusual posture where the defendant Meadowcrest paid to settle the case with the plaintiff but then intervenes against the plaintiff for its bill. Before the court is the exception of prescription. The court finds that Meadowcrest's collection claim for hospital services has prescribed as it was not filed within three years. Whether the service date of June 28, 2001 is used or plaintiff's death on August 17, 2001, Meadowcrest's collection claim was not asserted until December 8, 2006, over 5 years later. Meadowcrest's claim has therefore prescribed.
An action on an open account is subject to a liberative prescription of three years. LSA-C.C. art. 3494. The party alleging prescription normally bears the burden of proof at the hearing of the exception. Baldini v. East Jefferson General Hosp., 07-489, p. 2 (La.App. 5 Cir. 1/22/08), 976 So.2d 746. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action is not prescribed, because prescription has been interrupted or suspended in some manner. Id.; Jinright v. Glass, 06-888, p. 6 (La.App. 5 Cir. 2/27/07), 954 So.2d 174, 177, writ denied, 07-570 (La.5/4/07), 956 So.2d 618.
*156 Meadowcrest argues that the filing of the medical malpractice action served to interrupt the running of prescription, pursuant to LSA-C.C. art. 3462.[3]
In Knight v. Samuel, 447 So.2d 587 (La. App. 3 Cir.1984)[4], the court found that the filing of suit would interrupt prescription for a subsequent claim if the two claims involved a single cause of action. However, "if the two suits involve separate and distinct causes of action, the filing of the first does not interrupt prescription on the second suit." Id., at 592. The Knight court relied on the Louisiana Supreme Court case of Louviere v. Shell Oil Co., 440 So.2d 93 (La. 1983), in which the court said that "A cause of action consists of the material facts which form the basis of the right claimed by the party bringing the action." At page 95.[5]
In this case, although the two causes of action asserted arise out of the same hospital stay, an examination of the facts that form the basis of plaintiff's claim and an examination of the facts that form the basis of Meadowcrest's claim clearly reveals that a separate and distinct cause of action is asserted in each claim.
Meadowcrest clearly could not bring its claim for open account in a separate suit, as that claim is prescribed. Meadowcrest should not be allowed to circumvent the prescription articles by intervening in the present suit, since its cause of action is distinct and separate from that of plaintiff. Accordingly, we find that the trial court did not err in granting the exception of prescription filed by the LPCF.
The decision of the trial court granting the exception of prescription and dismissing Meadowcrest's petition on open account is affirmed. All costs are assessed to appellant, Meadowcrest.
AFFIRMED.
NOTES
[1] This date is not alleged in the pleadings, but is taken from appellant's brief. Both parties admit Mr. Smiley entered Advanced Care Center prior to his death.
[2] Plaintiff is the decedent's mother. The decedent had no children and was predeceased by his father.
[3] LSA-C.C. art. 3462 provides that "Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period."
[4] Although the Knight case was decided under LSA-R.S. 9:5801, repealed in 1982, the substance of that statute was included in LSA-C.C. art. 3462. Comment (a) to LSA-C.C. art. 3462 states that "(a) This provision is new. It is based on Article 3518 of the Louisiana Civil Code of 1870 and on R.S. 9:5801. It does not change the law. Accordingly, Louisiana decisions interpreting the source provisions continue to be relevant[.]"
[5] In Knight, supra, the court found that the filing of a personal injury suit on behalf of his injured daughter did not interrupt prescription for his suit on behalf of him and his daughter for the wrongful death of his wife, even though both causes of action arouse out of the same automobile accident.]