991 So.2d 1075 (2008)
In re Medical Review Panel Proceedings of Vincent SMITHSON.
No. 2007 CA 2262.
Court of Appeal of Louisiana, First Circuit.
June 6, 2008.
*1076 Stephanie C. Reuther, and Sherif K. Sakla, Gretna, LA, and Alan B. Tusa, Carol T. Richards, Tusa & Richards, LLC, Covington, LA, for Plaintiff-Appellant, Vincent J. Smithson.
Franklin D. Beahm, Jacob Best, Beahm & Green, New Orleans, LA, for Defendant-Appellee, NorthShore Regional Medical Center.
Nicholas Gachassin, Jr., Julie Savoy, Lafayette, LA, for Defendant-Appellee, Dr. Ernest Hansen, III.
Deborah Deo Gracias Trahan, Covington, LA, for Defendant-Appellee, Dr. Terrell M. Hemelt.
Before PARRO, KUHN, and DOWNING, JJ.
PARRO, J.
The plaintiff appeals a judgment that sustained exceptions raising the objection of prescription, dismissed his medical malpractice claims against three private health care providers, and dismissed his petition for a declaratory judgment, attorney fees, and costs. For the following reasons, we reverse in part, affirm in part, render in part, and remand for further proceedings.

FACTUAL AND PROCEDURAL HISTORY
On August 4, 2005, a foreign object entered Vincent J. Smithson's left eye as he was cutting grass with a weedeater on the front lawn of NorthShore Regional Medical Center (NorthShore). At 7:15 a.m., Smithson sought treatment for his eye injury at NorthShore's emergency room from Dr. Ernest Hansen, III, whose impression was an "open globe injury." The ophthalmologist on calf, Dr. Terrell Hemelt, was contacted at 7:30 a.m. for a consultation. When Dr. Hemelt examined Smithson at noon, he confirmed Dr. Hansen's diagnosis and recommended "urgent repair." Considering the costs of the recommended surgery and the fact that Smithson was uninsured, Dr. Hemelt advised Smithson that he should be transferred to the charity hospital in New Orleans for surgery.
Dr. Hansen contacted the charity hospital to arrange for the transfer, which occurred by ambulance at approximately 2:30 p.m. It was not until 7:30 p.m. that Smithson was examined by the charity hospital's ophthalmology team, with surgery taking place at 10:30 p.m. The next day, it was clear that a violent infection had taken hold of Smithson's left eye, necessitating the surgical removal of his eye on August 8, 2005.
On August 3, 2006, Smithson sent the Louisiana Division of Administration (DOA) a request for a medical review panel to evaluate his medical malpractice claims against two state health care providers, Medical Center of Louisiana at New OrleansCharity Campus (Charity Hospital) and LSU Health Sciences Center (collectively, the state defendants), and three private health care providers, NorthShore, Dr. Hansen, and Dr. Hemelt (collectively, the private defendants). The DOA forwarded this request to the Louisiana Patient's Compensation Fund Oversight Board (PCF Board), which assigned PCF File No. 2006-01057 to the claim. In a letter dated August 11, 2006, the PCF Board acknowledged receipt of Smithson's request for a medical review panel and notified him, through his attorneys, that a $300 filing fee for the claims against the private defendants must be paid within 45 days of August 11, 2006, or the request would be rendered invalid and without effect and would not suspend the time within which suit must be instituted. The letter *1077 also stated that the PCF Board had no record of the state defendants, so they were considered non-qualified under the provisions of LSA-R.S. 40:1299.41, et seq. After more than 45 days had elapsed without Smithson paying the $300 filing fee or providing evidence that the fee should be waived, the PCF Board informed him, through a letter dated October 19, 2006, that the August 3, 2006 request was deemed "invalid and without effect," and was "no longer considered filed by this office." In a supplemental and amending request dated October 26, 2006, Smithson re-averred his medical malpractice complaint against the private defendants and the state defendants, even though he had never received a response from the DOA as to the latter defendants. His remittance of the $300 filing fee in connection with the filing of the supplemental and amending request as to the private defendants was accepted by the PCF Board. A letter from the PCF Board on November 14, 2006, acknowledged receipt of the filing fee and the October 26, 2006 request for a medical review panel to review the claims against the private defendants. That letter showed that a new file number, PCF File No. 2006-01604, was assigned to the claim.
Smithson's original complaint against the two state defendants was not acknowledged until November 3, 2006, when the DOA sent him a letter, through his attorney, advising that the state defendants were qualified health care providers under the State Medical Malpractice Act, LSA-R.S. 40:1299.39, et seq., and requesting payment of the $200 filing fee for his claims against them within 45 days. That letter also acknowledged receipt of his supplemental and amending petition against the private defendants, along with the $300 filing fee for that claim, and advised that this request, along with the original request for review, had been forwarded to the PCF Board for handling. Smithson paid the $200 fee to the DOA, and on November 17, 2006, the DOA acknowledged the timely receipt of the filing fee for the state defendants. According to the letter, the claim against the state defendants was assigned Medical Review Panel Number 06 MR 107.
Based on Smithson's failure to submit the filing fee for the private defendants within 45 days of August 11, 2006, as directed, NorthShore, Dr. Hansen, and Dr. Hemelt separately filed exceptions raising the objection of prescription. Smithson responded by filing a petition for a declaratory judgment on the issue of the timeliness of the complaint and sought attorney fees and costs. Following a hearing, the trial court sustained the exceptions and dismissed Smithson's petition for a declaratory judgment, attorney fees, and costs. Smithson appeals, contending that the trial court erred in determining that his claims against the private defendants had prescribed and in dismissing those claims and his petition for a declaratory judgment.

ANALYSIS
Louisiana Revised Statute 9:5628(A) states, in pertinent part:
No action for damages for injury or death against any physician, ... hospital or nursing home duly licensed under the laws of this state, ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years *1078 from the date of the alleged act, omission, or neglect. (Emphasis added).
The prescriptive period for a medical malpractice claim commences upon the occurrence of the injury when the damages are immediately apparent. Baldini v. East Jefferson Gen. Hosp., 07-0489 (La. App. 5th Cir.1/22/08), 976 So.2d 746, 749. However, ignorance of actionable harm may delay commencement of prescription until the plaintiff is able to state a cause of action, including a wrongful act and resultant damages. See Guitreau v. Kucharchuk, 99-2570 (La.5/16/00), 763 So.2d 575, 580.
Louisiana has two statutory "Parts" pertaining to medical malpractice liability: one regulating malpractice liability claims for medical services provided by state health care providers, LSA-R.S. 40:1299.39, et seq., and the other regulating malpractice liability claims for medical services provided by qualified private health care providers, LSA-R.S. 40:1299.41, et seq. Smithson's claims in this case allege medical malpractice liability on the part of both state and qualified private health care providers. All medical malpractice claims against either state health care providers or qualified private health care providers must be reviewed by a medical review panel before suit can be instituted against them. In both instances, the procedure is initiated by filing with the DOA a request for review of the claim by a medical review panel. See LSA-R.S. 40:1299.39.1 and LSA-R.S. 40:1299.47(A).
With respect to state health care providers, LSA-R.S. 40:1299.39.1(A)(2)(a) states, in pertinent part:
The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, ... to the claimant or his attorney of the issuance of the opinion by the state medical review panel, in the case of the state or persons covered by this Part, .... The filing of a request for review of a claim shall suspend the running of prescription against all joint or solidary obligors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are subject of the request for review. Filing a request for review of a malpractice claim required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription. (Emphasis added).
Louisiana Revised Statute 40:1299.47(A)(2)(a) has virtually identical provisions with respect to claims against private health care providers. In a medical malpractice action in which the plaintiffs application for a medical review panel serves initially as the petition and functions to suspend the running of prescription, a state or a private health care provider can assert any exception available pursuant to LSA-R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without regard to whether the medical review panel process is complete. See LSA-R.S. 40:1299.39.1(B)(2)(a) and 40:1299.47(B)(2)(a).[1]
*1079 The exceptions filed by the private defendants in this case are based on LSA-R.S. 40:1299.47(A)(1)(e), which states:
Failure to comply with the provisions of Subparagraph (c) [payment of filing fees of $100 per defendant] or (d) [waiver of filing fees] of this Paragraph within the specified time frame in Subparagraph (c) of this Paragraph [within 45 days from the mailing date of the confirmation of receipt of the request for review] shall render the request for review of a malpractice claim invalid and without effect. Such an invalid request for review of a malpractice claim shall not suspend time within which suit must be instituted in Subparagraph (2)(a) of this Subsection. (Emphasis added).
They contend that Smithson's initial request on August 3, 2006, for a medical review panel to review the claims against them was rendered invalid and without effect and did not suspend the time within which suit must be instituted, because he did not remit the $300 filing fee or provide evidence that it should be waived within 45 days of August 11, 2006. They contend that even though he submitted the filing fee with his supplemental and amending request on October 26, 2006, this request was not timely, because it was beyond one year from the date on which he lost his left eye.
Smithson counters these arguments based on the provisions of LSA-R.S. 40:1299.39.1(A)(2)(a), according to which the filing of a request for review of a claim against a state health care provider "shall suspend the running of prescription against all joint or solidary obligors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are [the] subject of the request for review." He contends that liability is joint and solidary among all the defendants. Therefore, because the August 3, 2006 original request for a review of the complaint against the state defendants was still pending when he filed his supplemental and amending request, the running of prescription had been suspended, and his claims against the private defendants were timely. He urges that pursuant to the above statute, the DOA's November 3, 2006 letter acknowledging receipt of his August 3, 2006 request for a medical review panel and notifying him that the state defendants were qualified, suspended the running of prescription against the private defendants for 90 days, or until February 1, 2007. Smithson contends the filing fee for his claims against the state defendants was paid within 45 days, thus making the filing against the state defendants effective and preserving his claims against them and against the private defendants who were jointly and solidarily liable with them.
Smithson additionally argues that his supplemental and amending request against the private defendants was timely, because it was filed within one year from the date of his discovery that he may have an actionable claim against them for medical malpractice. He claims he did not initially realize that his treatment by the private defendants was negligent, because he was in extreme pain and moving in and out of consciousness the day of the injury. Within weeks after his surgery, he was forced to leave his home because of Hurricane Katrina, and did not return home and seek legal advice until July 2006. It was only after consulting with an attorney at that time that he realized that the private defendants' delays in examining him and their recommendation to move him to Charity Hospital for financial reasons might constitute medical malpractice. He contends that because he did not discover this potential malpractice until July 2006, *1080 his supplemental and amending request for review of his claims against the private defendants on October 26, 2006, was within one year of that discovery and, therefore, was timely.
This court and others have recently reviewed a number of cases involving the exception of prescription based on a medical malpractice claimant's failure to submit filing fees or evidence of waiver thereof within 45 days from the confirmation of receipt of the request for review. See, e.g., Golden v. Patient's Comp. Fund Oversight Bd., 40,801 (La.App. 2nd Cir.3/8/06), 924 So.2d 459, writ denied, 06-0837 (La.6/2/06), 929 So.2d 1261; Bosarge v. Louisiana Patient's Comp. Fund, 06-1354 (La.App. 1st Cir.5/4/07), 960 So.2d 1063; In re Igwike, 06-0167 (La.App. 4th Cir.5/23/07), 959 So.2d 562; Latiolais v. Jackson, 06-2403 (La.App. 1st Cir.11/2/07), 979 So.2d 489; Baldini, 976 So.2d 746; In re: Herring, 07-1087 (La.App. 3rd Cir.1/30/08), 974 So.2d 924; Lane v. Patient's Comp. Fund Oversight Bd., 07-0150 (La.App. 1st Cir.2/27/08), ___ So.2d ___, 2008 WL 508645; In re: Medical Review Panel Proceedings of Ouder, 07-1266 (La.App. 1st Cir.5/2/08), 991 So.2d 58. In this court's most recent opinion concerning this issue, we concluded that when a claimant does not remit payment or proof of waiver of filing fees within the 45-day time limit, that claimant's request for review of a medical malpractice claim is invalid and without effect. Because such an invalid request does not suspend the time within which suit must be instituted, a subsequent request, filed beyond the one-year period for filing a medical malpractice claim, was not timely. Ouder, 991 So.2d at 66. If the matter before us involved factually identical circumstances, we would be obliged to follow that decision and affirm the trial court.
However, Smithson's case has an additional factual circumstance, in that his request for review included claims against both state defendants and private defendants. According to Diana A. Schenk, a DOA employee who testified by deposition concerning the handling of such claims, the usual procedure when the DOA receives such a joint request is to retain a copy of the request and forward the original to the PCF Board. Then the DOA would send a notification letter regarding the state defendants and asking for payment of the applicable filing fee within 45 days. The PCF Board would send a similar letter regarding the private defendants. In the matter before us, Ms. Schenk said DOA did not retain a copy of the letter and did not send out a notification letter regarding the state defendants, because it "missed Charity Hospital on the last page as being named as a health care provider." Instead, "everything went to the [PCF Board] without [DOA] maintaining a copy of it." The DOA did not keep anything in its files concerning this matter, but when Smithson's "supplemental and amending" request was filed with the DOA, it realized there must have been an earlier request against the state defendants. Therefore, Smithson's August 3, 2006 request for review concerning the state defendants was pending, but was not acknowledged until November 3, 2006, and the 45-day time limit for payment of the filing fee in that matter commenced on that day. As noted previously, on November 17, 2006, the DOA acknowledged the timely receipt of the filing fee.
Based on our review of the jurisprudence, it appears that no court has addressed the issue raised by this factual situation. Under our civilian tradition, we must rely on the statutory language in analyzing this res nova issue. The statute is clear and unambiguous. According to *1081 LSA-R.S. 40:1299.39.1(A)(2)(a), the filing of a request for review of a claim against a state health care provider "shall suspend the running of prescription against all joint or solidary obligors, ... to the same extent that prescription is suspended against the party or parties that are [the] subject of the request for review." (Emphasis added). Louisiana Civil Code article 2324 differentiates between joint and solidary obligors. Solidary liability occurs only when one person conspires with another to commit an intentional or willful act. LSA-C.C. art. 2324(A). If liability is not solidary, then liability for damages caused by two or more persons shall be a joint and divisible obligation. LSA-C.C. art. 2324(B). At this stage of the proceedings, it seems unlikely that the allegations would result in a finding of solidary liability among the state and private defendants. However, Smithson claims that his damages resulting from the loss of his eye were caused by two or more persons, including state and private defendants. Therefore, joint liability has clearly been alleged. This triggers the suspension of the running of prescription against all joint obligors, as set forth in LSA-R.S. 40:1299.39.1(A)(2)(a).[2] Accordingly, Smithson's filing of a request for review against the state defendants suspended the running of prescription against the private defendants, unless that filing was deemed invalid and without effect. The evidence shows that the filing against the state defendants was valid, because the filing fee for that claim was paid timely. Therefore, Smithson's claims against the private defendants were not prescribed.[3]
Based on the foregoing, we conclude that the trial court erred in maintaining the exceptions raising the objection of prescription and dismissing Smithson's claims. It also erred in denying his petition for a declaratory judgment and in failing to declare that his filing against the state defendants was timely and suspended the running of prescription as to his claims against the allegedly joint obligors, the private defendants. However, we can find no authority for an award of attorney fees in connection with a successful petition for a declaratory judgment, so this portion of the trial court's judgment was correct.

DECREE
The portion of the judgment of September 12, 2007, maintaining the exceptions raising the objection of prescription, dismissing Smithson's claims, and denying his petition for a declaratory judgment and costs, is reversed. That portion of the judgment denying attorney fees is affirmed. We hereby render judgment, declaring that Smithson's claims against NorthShore, Dr. Hansen, and Dr. Hemelt were timely and awarding Smithson court costs in connection with his petition for a declaratory judgment. We remand this matter for further proceedings. All costs of this appeal are assessed to NorthShore, Dr. Hansen, and Dr. Hemelt.
*1082 REVERSED IN PART, AFFIRMED IN PART, RENDERED IN PART, AND REMANDED.
KUHN, J., concurs.
NOTES
[1] We note also that when a patient's malpractice claim alleges liability against both a state health care provider and a private health care provider, unless all parties agree otherwise, only one medical review panel will be convened to review the claims under both medical malpractice systems, and the law applicable to both Parts governs the panel deliberations. See LSA-R.S. 40:1299.39.2.
[2] Although no suit has yet been filed, we note that under Article 2324(C), interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors. Of course, the effect of an interruption of prescription differs from a suspension of prescription, in that when the interruption ceases, the time that had run before the interruption is not counted, whereas time that had accrued before the suspension is counted, and prescription commences to run again upon the termination of the period of suspension. See LSA-C.C. arts. 3466 and 3472.
[3] Because we conclude on the basis of the statute that Smithson's claims against the private defendants are not prescribed, we do not address the other timeliness argument that his claims were filed within one year from the date of discovery of the claims.